GEORGE H. NEWHALL et al., as Receivers of the KINGSTON TRUST COMPANY, Appellants, v. LONGACRE BANK, Respondent.

**Banks and banking — fraud — parties — checks deposited in bank by payee who gave no consideration therefor and collected by bank through fraud of drawer — action by drawee to recover balance on deposit — payee of checks not necessary party to action.**

1. Where the record in an action shows that defendant, a bank, has possession of moneys misappropriated from the trust company of which plaintiffs are receivers, the proceeds of checks fraudulently drawn against the trust company by its treasurer and deposited with defendant by the payee who gave no consideration therefor, which checks defendant, without notice of the fraud, was able to collect, and defendant makes no claim of title, pleads no separate defense and produces no evidence to disprove the plaintiff's case, there is no defense to the action.

2. A contention that, in the absence of the payee of the checks, no action can be maintained against defendant, cannot be sustained. On the facts as disclosed the payee is not a necessary party.

*Newhall* v. *Longacre Bank*, 221 App. Div. 837, reversed.

(Argued May 2, 1928; decided May 29, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1927, modifying and affirming as modified a judgment in favor of defendant entered upon a verdict directed by the court.

*Allen S. Hubbard* and *Alfred M. Lindau* for appellants. Plaintiffs proved a good cause of action for money had and received. Cragg, Matthews & Co., Inc., was not a necessary party. (*Chapman* v. *Forbes*, 123 N. Y. 532; *Walsh* v. *Nat. Broadway Bank*, 13 Misc. Rep. 3; *Roberts* v. *Ely*, 113 N. Y. 128; *Stephens* v. *Bd. of Education*, 79 N. Y. 183; *People ex rel. Briggs* v. *Hanley*, 226 N. Y. 453; *Seagle* v. *Barreto*, 190 App. Div. 549; 231 N. Y. 586;

*Calumet & Hecla Mining Co.* v. *Equitable Trust Co.*, 275
Fed. Rep. 552; *Hindmarch* v. *Hoffman*, 127 Penn. St. 284;
*Oklahoma St. Bank* v. *Bank of Central Arkansas*, 120
Ark. 369; *Mason* v. *Waite*, 17 Mass. 560; *Importers &
Traders Nat. Bank* v. *Peters*, 123 N. Y. 272; *Hauptmann*
v. *First Nat. Bank*, 83 Hun, 78; 146 N. Y. 376; *Abraham*
v. *American Exchange Nat. Bank*, 191 App. Div. 594.)

*Oscar Lawrence* and *Murray L. Jacobs* for respondent.
The plaintiffs are not entitled to judgment herein — they
cannot take the funds without any adjudication against
the depositor. (*Mahr* v. *N. U. F. Ins. Society*, 127
N. Y. 452; *Helene* v. *Corn Exchange Bank*, 96 App. Div.
392; *Bayer* v. *Bayer*, 215 App. Div. 454; *Gugel* v. *Hiscox*,
216 N. Y. 145.)

O'BRIEN, J.   Maude E.Tefft was treasurer of the Kingston
Trust Company of Kingston, Rhode Island, of which plain-
tiffs are receivers.   She contracted with Cragg-Matthews
and Company of New York to purchase for her personal
account certain shares of stock in an oil company.   Having
no funds on deposit with the trust company, she drew, under
a fictitious name, two checks aggregating $12,000 on that
institution to the order of Cragg-Matthews and Company.
The payee did not deliver the stock to her nor give any
other consideration, but deposited the checks with
defendant bank for collection.   Through a second fraud
committed by Miss Tefft, assuming to act this time in
her capacity as treasurer of the trust company, defendant,
without notice of the fraud, was enabled to collect them
and now, after notice, retains on deposit a balance of
$6,843.14 of the proceeds.   As far as this record shows,
the bank has possession of moneys misappropriated from
the trust company and deposited by a payee who gave
no consideration.   Defendant makes no claim of title,
pleads no separate defense nor produces any evidence
tending to disprove the allegations of the complaint.   It

insists, as its sole argument, that in the absence of Cragg-Matthews and Company as a party defendant no action can be maintained against it. The Trial Term supported its contention and directed a verdict in its favor. That judgment has been modified by the Appellate Division to the extent of providing that it is not upon the merits and is without prejudice to an action against defendant in which Cragg-Matthews and Company shall be joined as a party defendant.

On the facts as disclosed by this record, the payee is not a necessary party. The presence of no other person is required finally to determine the issue. (*Chapman* v. *Forbes*, 123 N. Y. 532, 544.) The money deposited with defendant by Cragg-Matthews is shown by uncontradicted evidence to belong to the Kingston Trust Company. The payee is not defendant's creditor. The trust company is the creditor. The evidence proves that the payee never acquired title to the proceeds of the checks, for the payee obtained them without consideration after the checks had been fraudulently uttered. (*Stephens* v. *Board of Education*, 79 N. Y. 183, 186; *People ex rel. Briggs* v. *Hanley*, 226 N. Y. 453, 458.) Nothing in the case contradicts plaintiffs' evidence. In the face of such proof, there is no defense to the action. That the bank might be held liable in some other action, if instituted against it by Cragg-Matthews and different proof made in such an action, cannot change the conclusion that in this action plaintiffs have shown themselves to be the bank's creditors. Defendant might have protected itself from future litigation by bringing in the payee as a party defendant in the present action. Not since the service of its answer has it made an effort to do so. No heavier burden rests upon plaintiffs to sue the payee than rests upon defendant to make the payee a party. No adverse claimant is found, and so the bank must put the plaintiffs to their proof, and wage the contest as it can. (*Scheffer* v. *Erie Co. Savings Bank*, 229 N. Y. 50, 54.) The proof

has been produced and shows that the bank owes the trust company the balance remaining on deposit.

The judgment of the Appellate Division and that of the Trial Term should be reversed and judgment directed for plaintiffs in the sum of $6,843.14, with interest from February 19, 1925, and with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment accordingly.