————— NEWHALL and Another, as Receivers of the KINGSTON TRUST COMPANY, Plaintiffs, v. ————— KERNER, Defendant.

Supreme Court, New York County, July 18, 1928.

Gaming — action to recover funds converted by officer of bank and deposited with New York corporation which in turn gave money to defendant to wager — defendant not bona fide purchaser and plaintiff may recover (Penal Law, §§ 991, 992, 994).

The plaintiff, as receiver of a trust company, may recover moneys misappropriated by one of the officers of the trust company and remitted to a New York corporation which received the money in bad faith and which thereafter paid the money to the defendant to be used in wagering on horse races (Penal Law, §§ 991, 992, 994). The defendant does not hold the money as a *bona fide* purchaser for value and acquired no rights therein, and the plaintiff is entitled to follow the funds into the hands of the defendant.

ACTION by receivers of trust company to recover funds misappropriated by its former treasurer.

*Hughes, Round, Schurman & Dwight,* for the plaintiffs.

*Sidney R. Lash,* for the defendant.

TOWNLEY, J. At trial the parties waived a jury and stipulated that the verdict directed by the court should be deemed to have been rendered by a jury with the same force and effect as if a jury were present and rendered the verdict upon the direction of the court. No evidence was presented by either party upon the trial, and the parties stipulated that the complaint as amended at the trial in one particular correctly stated the facts.

From the facts stated in the complaint it appears that this action is brought by the receivers of the Kingston Trust Company, of Kingston, R. I., to recover funds misappropriated by its former treasurer, who remitted these funds to a New York corporation — Cragg, Mathews & Co., Inc. Said corporation furnished no consideration, received the funds in bad faith, and deposited the moneys to its account at the Longacre Bank. Thereafter Cragg, Mathews & Co., Inc., paid $2,500 out of these moneys to this defendant, and the parties have stipulated, as appears from the complaint, that this sum was received by the defendant " as a

commissionnaire of horse racing to bet as wagers, bets, or stakes made to depend upon the events of horse races." Further, that the plaintiffs only notified this defendant of their rights in and to the funds paid to him by Cragg, Mathews & Co., Inc., while said funds were held by and were in the possession of the defendant, and that the defendant still holds the said sum of $2,500, the property of the plaintiffs.

In *Newhall* v. *Longacre Bank* (248 N. Y. 252, 253) the Court of Appeals has recently held that these misappropriated funds so deposited at the Longacre Bank belong. to these plaintiffs, and in that action judgment was recovered by these plaintiffs against the Longacre Bank for the balance of such moneys in the bank account of Cragg, Mathews & Co., Inc. On the same theory upon which that action was maintained, it is clear that these plaintiffs can follow any part of the funds from the Longacre Bank into the hands of other persons, until the funds reach the hands of a *bona fide* purchaser for value. It is conceded that these funds were paid to this defendant to be used in an illegal transaction. He was not a *bona fide* purchaser, and acquired no rights therein.

Under section 991 of the Penal Law bets made to depend upon any race are unlawful, and under section 992 of the Penal Law any contract under which the money was paid defendant was void. As provided by section 994 of the Penal Law, the $2,500 having been paid, delivered or deposited with the defendant pending the event of a prohibited wager or bet, it may be recovered from " the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands, shall be deposited any such wager, bet or stake, or any part thereof." It stands conceded and uncontradicted that this defendant received moneys which actually belonged to plaintiffs in contravention of the statute and for an unlawful purpose, and defendant cannot justify either a retention or a paying out of such moneys by claiming that it was pursuant to a transaction expressly condemned by the law.

A verdict is directed in favor of the plaintiffs and against the defendant for $2,500, with interest thereon from February 28, 1925, together with costs and disbursements. Exception is given to the defendant. Motion to set aside the verdict and for a new trial will be deemed to have been made by the defendant. Such motion is denied, with exception to the defendant. Ten days' stay and thirty days to make a case. The clerk is directed to enter judgment accordingly.