FEDERAL MOTORSHIP CORPORATION, Plaintiff, *v.* JOHNSON & HIGGINS, Defendant.

Supreme Court, Special Term, New York County, January 28, 1948.

*Jerome S. Hess, Frank Rashap* and *Monroe H. Collenburg* for United States of Mexico appearing specially.

*Donald Havens* and *Thomas K. Roche* for plaintiff.

*Cleatus Keating* and *Walter P. Hickey* for defendant.

WALTER, J. Plaintiff alleges that for a valuable consideration defendant agreed to arrange policies of marine insurance on plaintiff's vessel, *Badger State,* with loss payable to plaintiff and United States of Mexico as interest may appear, to collect the proceeds of the policies should any become due, and to pay over such proceeds to plaintiff to the extent that they were, in accordance with the terms of the policies, payable to plaintiff; that defendant did arrange such insurance; that proceeds of the policies in the amount of $250,000 became due by reason of the vessel having become a total loss; that defendant then collected such proceeds; that United States of Mexico has no interest therein; that all are due and payable to plaintiff; that defendant has failed to pay the proceeds to plaintiff; that by reason thereof plaintiff has been damaged to the extent of $250,000, for which amount with interest and costs plaintiff demands judgment against defendant.

Without answering, defendant (upon an affidavit stating that it had no claim to any part of the insurance proceeds mentioned in the complaint but that claim to a portion thereof had been made by United States of Mexico, a sovereign foreign State which cannot be sued without its consent and cannot be served with process in this State) moved for an order under section 51–a of the Civil Practice Act permitting it to give United States of Mexico notice of the pendency of the action.

That motion was granted by an order of August 27, 1946, which directed that such notice be given by sending by registered mail a copy of the summons and complaint, a copy of the order, and a notice in the form thereto annexed, to the President of the United States of Mexico, to the Ambassador of the United States of Mexico in Washington, to the Consul General of the United States of Mexico in New York City, and to a firm of attorneys in New York City described as attorneys for United States of Mexico. Such notice was given, and proof of mailing

was filed, and on September 11, 1946, another order was made staying the further prosecution of the action until September 6, 1947, or until such earlier time as United States of Mexico shall intervene in the action.

United States of Mexico did not intervene and did not commence any action upon its alleged claim; and it now appears specially for the purpose of asserting its sovereign immunity from suit and its unwillingness to become a party to the action, and moves (1) for an order declining jurisdiction of the action on the ground that United States of Mexico is an indispensable party and has declined to submit to the jurisdiction of the court and the subject matter of the action is property in which it has a substantial interest, and (2) to vacate the above-mentioned notice of pendency of the action and the order pursuant to which it was given.

The United States of Mexico is, of course, a friendly foreign sovereign, and that as such it is immune from suit and cannot be required to submit to the jurisdiction of this court is, of course, obvious and well recognized and undisputed.

But that the mere assertion by Mexico that it is entitled to a part of the proceeds of the insurance upon the vessel does not preclude the court from determining whether or not the assertion is well founded is authoritatively settled, at least for me, by *Lamont* v. *Travelers Ins. Co.* (281 N. Y. 362, 372). The first motion thus well might be, and perhaps should be, denied upon the authority of that case. In that case, however, the court, after pointing out that the action was for an accounting and directions as to the distribution of a fund which plaintiffs had received from Mexico and then had in their hands, and that in such an action an adjudication of the claims of one party requires also the adjudication of the claims of other parties who assert an interest in the fund, said (p. 374): "We hold only that the Supreme Court has jurisdiction to pass upon the issues raised in the pleadings in this action and to render appropriate judgment, *unless* it shall appear at the trial that the Government of Mexico has, in fact, retained some right or interest in the property which is the subject of the accounting, and is a necessary party to any adjudication." (Italics supplied.)

That I understand to mean that, even in an action involving specific property in which a sovereign asserts an interest, the court may proceed to trial for the purpose of determining whether or not the assertion is well founded, but if the court

finds the assertion to be well founded it must then refrain from making any adjudication.

If, therefore, I should merely deny the first motion upon the authority of *Lamont* v. *Travelers Ins. Co.* (*supra*) I would merely postpone until the trial determination of the fundamental and ultimately controlling question whether this is an action involving specific property in which a sovereign asserts an interest (in which event the action ultimately must be dismissed because no adjudication of the rights of others in that property can be made without affecting the interests of the sovereign [Civ. Prac. Act, § 193, as added by L. 1946, ch. 971; *Minnesota* v. *United States,* 305 U. S. 382; *Morrison* v. *Work,* 266 U. S. 481; *New Mexico* v. *Lane,* 243 U. S. 52; *Oregon* v. *Hitchcock,* 202 U. S. 60; *Naganab* v. *Hitchcock,* 202 U. S. 473; *Louisiana* v. *Garfield,* 211 U. S. 70; *Goldberg* v. *Daniels,* 231 U. S. 218; *Stanley* v. *Schwalby,* 162 U. S. 255; *Cummings* v. *Deutsche Bank,* 300 U. S. 115; *Ickes* v. *Fox,* 300 U. S. 82]), or whether, on the other hand, the action is purely in personam to collect a debt (in which event Mexico has no interest in the action and is not only not an indispensable party but is not even a proper party because no judgment herein could affect Mexico or any right it may have to enforce any claim it may have against the underwriters or the defendant or anyone else [*Chapman* v. *Forbes,* 123 N. Y. 532; *Bauer* v. *Dewey,* 166 N. Y. 402; *Garrigues Co.* v. *Casualty Co. of America,* 220 N. Y. 588; *Brooklyn Cooperage Co.* v. *Sherman Lumber Co.,* 220 N. Y. 642]).

That question as to the real nature of the action has been briefed and argued and I have considered the authorities cited by counsel, and it seems to me appropriate that I state the conclusion at which I have arrived, even though I possibly might with propriety leave determination of that question to the trial.

Unquestionably and concededly defendant received the money under a promise, express or implied, to pay it over to plaintiff or Mexico, or both, so that either or both properly may sue therefor. Whether or not defendant was under the further obligation to keep the money separate from other moneys of its own and earmark it as a trust fund need not be determined. For even if plaintiff had a right to insist that defendant do that, it has not asserted such right. It does not here assert that the money is impressed with a trust. It does not seek to follow the identical money which defendant received, and it does not appear that that money has been kept separate or earmarked. Plaintiff goes no further than to say that defend-

ant received the money under circumstances making it defendant's duty to pay plaintiff what it received; and that creates merely the relation of debtor and creditor and makes this action one purely in personam for the collection of a debt, and not one which in any sense involves a fund or any specific real or personal property (*Wood* v. *Young,* 141 N. Y. 211; *Model Bldg. & Loan Assn.* v. *Reeves,* 236 N. Y. 331, 339; *Roberts* v. *Ely,* 113 N. Y. 128; *Carr* v. *Thompson,* 87 N. Y. 160; *Hanna* v. *Stedman,* 230 N. Y. 326; *Gilchrist Transportation Co.* v. *Worthington & Sill,* 193 App. Div. 250; *Royal Neighbors of America* v. *Fletcher,* 99 Okla. 297).

Mexico has no interest in what debt plaintiff can establish against defendant, and no more right to be made a party to this action than the persons whose joinder as parties the court refused to permit in *Chapman* v. *Forbes* (*supra*), *Bauer* v. *Dewey* (*supra*), *Garrigues Co.* v. *Casualty Co. of America* (*supra*) and *Brooklyn Cooperage Co.* v. *Sherman Lumber Co.* (*supra*).

Defendant, of course, is at liberty to defeat or limit plaintiff's claim by showing, if it can, that Mexico instead of plaintiff is entitled to what defendant received from the underwriters, in whole or in part; but if it fail to make such showing the judgment herein in favor of plaintiff will not affect any claim Mexico subsequently may establish against defendant (*Chapman* v. *Forbes, supra,* p. 539) ; and the possibility, here apparently quite remote, that defendant may be subjected to liability to both plaintiff and Mexico is neither a defense to defendant nor a reason for joining Mexico as a party (*Newhall* v. *Longacre Bank,* 248 N. Y. 252; *Scheffer* v. *Erie County Savings Bank,* 229 N. Y. 50, 54; *Coler* v. *Corn Exchange Bank,* 250 N. Y. 136, 145; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23, 39).

The motion for an order declining jurisdiction is accordingly denied.

The theory of the motion to vacate the notice of pendency, the service thereof, and the order pursuant to which it was served, is that such order, notice and service in some way constitute an attempt to serve process of this court upon a friendly foreign sovereign. If that theory be correct, the motion of course should be granted. I think the theory entirely incorrect.

Even accepting the broad view that the term " process " embraces any form of order, writ, summons or notice given by authority of law for the purpose of acquiring jurisdiction

of a person or bringing him into court to answer (50 C. J. 443), it seems to me entirely plain that the order and notice here involved do not constitute process and the service of the notice is not an attempt to serve process.

Section 51–a of the Civil Practice Act enacted by chapter 805 of the Laws of 1939, so far as here material, provides, in brief, that where it appears that a person not a party to an action to recover a sum of money on contract has made claim against the defendant for the said sum of money or a part thereof, and the claimant cannot be served with process in the State, the court shall grant an order permitting the defendant to give notice to the claimant that the action is pending and that the claimant's right to commence an action to enforce his claim or to intervene in the pending action is limited, by said section 51–a, to one year and ten days. The section further provides that when such notice has been given, further proceedings in the action shall be stayed for not to exceed one year, and that no action for the recovery of any sum of money due on contract shall be commenced by any person who has made claim thereto after the expiration of one year from the giving of such notice.

Manifestly, therefore, the order and notice do not in any way operate as process; they do not attempt or purport to give jurisdiction over the person served. What they do is to set running a short Statute of Limitations of one year, and they are no more process than other Statutes of Limitation contained in the Civil Practice Act are process.

In *Koninklijke Lederfarbriek, etc.,* v. *Chase National Bank* (177 Misc. 186, affd. 263 App. Div. 815) I considered what showing a defendant must make in order to obtain permission to give such notice, and in rejecting the extreme view on one side that the permission must be granted merely because asked and the extreme view on the other side that the court should examine the merits of the claim asserted by the one to whom the notice was proposed to be given, I said (pp. 189, 190): "The court is not to determine the merits of the claim asserted by such other claimant. Neither disputed questions of fact nor debatable questions of law are to be decided. The very object of giving the notice is to bring the other claimant before the court so that such questions may be decided after hearing him."

The last sentence just quoted is now advanced by counsel for Mexico as a holding, or at least an intimation, by me that

the notice constitutes process because it is an attempt to bring the claimant before the court, and the fact that by taking the sentence out of its context counsel are able to give the sentence that color demonstrates that I should have said: " The very object of giving the notice is to give the claimant an opportunity to come before the court."

But though the phraseology of that sentence is bad and unfortunate, I feel certain that when taken in its entirety my opinion in that case makes it perfectly clear that the view I then entertained is the one I now entertain, viz., that the statute and notice operate as a short Statute of Limitations operative from the time notice of the pendency of an action is given (177 Misc. at p. 189).

Foreign sovereigns are subject to and bound by our Statutes of Limitation (*Guaranty Trust Co.* v. *United States,* 304 U. S. 126) and the order and notice in this case affect Mexico in no other way than she is affected by other Statutes of Limitation.

For the reason, therefore, that the order and notice and the service of the notice have none of the attributes or effects of process, the motion to vacate them is also denied.