## BARR v. EASTERN AIR LINES.

### Civil Action No. 6886.

District Court, W. D. Pennsylvania.

April 15, 1948.

Patterson, Crawford, Arensberg & Dunn and Charles F. C. Arensberg, all of Pittsburgh, Pa., for plaintiff.

Dickie, Robinson & McCamey, and Daniel S. Newman, both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The plaintiff is a resident of Allegheny County in this District. The defendant is a Delaware corporation. It maintains an office in the Bellevue-Stratford Hotel in Philadelphia which is in charge of a traffic and sales manager. In that office are a secretary and five other employees who solicit the transportation of freight and sell tickets. It has thirty-eight employees at the Philadelphia Southwest Airport, who are engaged in various ways in the operations of the company. It takes on and discharges passengers at the airport, and is responsible for twenty flights per day. It also is listed in the Philadelphia telephone directory, having telephones at different points.

The defendant has moved to dismiss the action, or in lieu thereof, to quash the return of service, on the ground that it is not lawfully authorized to do business in Pennsylvania, and not subject to service of process therein; also that the person upon whom service was made was not a proper official authorized to accept service.

The plaintiff is a resident of this District, and no dispute exists as to the jurisdiction of the court. The matter in dispute is as to venue. If it be assumed that the defendant was engaged in business in this state and that its office was in charge of the person upon whom the summons was served, no question as to the propriety of the service may be raised. Federal Rules of Civil Procedure, rule 4, 28 U.S.C.A. following section 723c.

As to venue the instant action is practically paralleled by Mississippi Publishing Corporation v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185. In that action the plaintiff, resident of the Northern District of Mississippi, brought its action in that district and served the defendant in the Southern District of the state. The Supreme Court pointed to and sustained Federal Rules of Civil Procedure, rule 4(f), and upheld service in the Southern District and venue in the Northern District. The case cited differs from the present action in that the defendant had registered in Mississippi and appointed an agent to accept service,

while in this action it appears that the defendant has not registered in Pennsylvania. Counsel for the defendant has stressed this difference in argument, but unduly we think. It might be relevant if an action had been instituted by the defendant, but not in an action brought against it. If the defendant is doing business in this state, and service can be made upon it, its failure to register and appoint an agent is not a defense.

The real issue is whether defendant is engaged in business in Pennsylvania, and as to that issue the court is satisfied that the defendant is so engaged. The alternative motion of defendant to dismiss the action, or in lieu thereof to quash the return of service of the summons and complaint, will be denied.

The motion of the defendant to dismiss the action, or in lieu thereof to quash the return of service of the summons and complaint, having come on to be heard, upon consideration thereof it is ordered and adjudged that said motion be and hereby is denied; and it is further ordered that defendant answer as required by Rule.