**P. BEIERSDORF & CO., Inc. v. DUKE LABORATORIES, Inc.**

United States District Court
S. D. New York.

April 7, 1950.

William Siskind, New York City, for plaintiff, Sol Gerstein, New York City, of counsel.

Buckley & Buckley, New York City, for defendant.

CONGER, District Judge.

Motion by the defendant for an order (1) dismissing the complaint on the principle of *forum non conveniens;* (2) dismissing the complaint for failure to set forth an action arising under the Acts of Congress relating to trademarks; (3) dismissing the complaint for lack of jurisdiction over plaintiff's claim for unfair compe-

tition; and (4) dismissing the complaint for failure to state a claim upon which relief can be granted.

Motion by the plaintiff for an order (a) directing defendant to accept service of the amended complaint and to make answer thereto; or (b) in the alternative that plaintiff be granted leave to file an amended complaint and to extend plaintiff's time to serve the summons and amended complaint upon the defendant.

The defendant has withdrawn its request for relief under the principle of *forum non conveniens,* and, in view of my disposition of this matter, its remaining requests need not be considered.

It is conceded that the summons and complaint were not served in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A. See Rule 4(c). The person who served the process was not a United States marshal, nor his deputy; nor was he specially appointed by the Court for such purpose.

■■■■ I am of the opinion, however, that the defendant has waived such defect. Rule 12(h) of the Federal Rules provides for waiver of all defenses and objections which are not presented by motion nor in the answer or reply, with certain exceptions. "If a party makes a motion under Rule 12 and omits therefrom some defense or objection which could have been included, he may not thereafter make a motion based on such defense or objection * * *; nor, under subdivision (h), may he raise the defense in his answer, unless it comes within one of the exceptions in (h)." Moore's Federal Practice, 2d Ed., p. 2327.

After the summons and complaint had been served in the defective method mentioned, the defendant noticed the instant motion without any objection to the service of process, although the facts with respect thereto were alluded to in an affidavit accompanying the motion papers. At the time of the argument he raised the point. But this was long after the time for which the motion was originally noticed and after the plaintiff had served an amended complaint purporting to correct the defects suggested by the defendant's motion with respect to the original complaint.

Under Local Rule 2 of the Southern District of New York, an appearance is made by the service of any motion affecting the complaint. Defendant's motion was an appearance and constituted a waiver of the defective service.

■■■ The plaintiff's request designated "a" is granted. It is unnecessary to decide the relief asked for in the alternative. The defendant shall answer or move within 10 days after service of the order on this decision with notice of entry on defendant's attorneys.

Settle order.