MARGERY LEHMAN et al., Respondents, v. JUAN MARIANO, Appellant.— In an action to recover damages for personal injuries and for other relief, defendant appeals from an order denying his motion to vacate an order directing substituted service of the summons, the service made thereunder, the inquest taken on defendant's default, and the judgment entered against him thereon. Order reversed, without costs, and the matter remitted to the Special Term for such further proceedings as may be proper and not inconsistent herewith. The order directing substituted service was in the usual form and directed service by leaving a copy of the summons and the order at defendant's residence with a person of proper age, if upon reasonable application admittance could be obtained and such a person could be found, or in the alternative, if admittance could not be obtained, or such person found, upon reasonable application, by affixing the papers to the outer door of defendant's residence, and by mailing copies thereof to him at his residence and his employer's address. We find no defect in the order or in the service thereof, if it was made in compliance therewith. The affidavit of the process server, who served the summons by affixing a copy to the outer door, is defective, however, in that it fails to state what steps he took in attempting to gain admittance to defendant's residence, or to find a person of proper age therein, before adopting the alternative method of service. (*Air Conditioning Training Corp.* v. *Pirrote*, 270 App. Div. 391, 393; *Ench Ready Mixed Concrete Corp.* v. *Lunedi*, 110 N. Y. S. 2d 97.) Jurisdiction over the person of the defendant by substituted service could be obtained only by strict compliance with the statute (Civ. Prac. Act, § 231), and the order made pursuant thereto. If, however, the process server did make a reasonable application to obtain admittance to defendant's residence, and was unable to obtain admission, or to find a person of proper age on the premises, the summons was properly served. It is the fact of proper service which confers jurisdiction, and defects in an insufficient proof thereof may be corrected, and a deficiency in proof may be supplied. (*Air Conditioning Training Corp.* v. *Pirrote, supra*.) On the return of defendant's motion, the deficiencies in plaintiffs' proof were not supplied presumably because the Special Term considered further proof unnecessary, although plaintiffs offered to obtain an additional affidavit from the process server. In our opinion it was error to

deny the motion to set aside the service of the summons in the absence of further proof of due compliance with the statute and the order directing substituted service. Plaintiffs should be given an opportunity to supply such proof, and if it is not supplied, defendant's motion should be granted. Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [See *post*, p. 903.]