Irving H. Saypol, J.
The question for decision is the validity of service of process on Dr. Daniel S. Feldman, one. of the defendants in this malpractice ease. The action is said to have accrued on April 11 or 12,1952, when Feldman, a medical intern, is alleged to have mistreated the decedent who was his patient at the defendant hospital.
The summons was delivered to the Sheriff of New York City, the place of Feldman’s last residence in this State, on April 10, 1954 with the intention that it actually be served within 60 days after the expiration of the time limitation (Civ. Prac. Act, § 17). This was in the words of the statute an attempt to commence an action. Service was made personally on June 11, 1954 (Civ. Prac. Act, § 235), at the United States Naval Hospital, Philadelphia, Pennsylvania. Thereupon the defendant moved to set aside the service on the ground that he was not a domiciliary of New York. Plaintiff disputing, the issue was referred to the learned Official Referee who has reported against the validity of the service. The defendant now moves to confirm the Referee’s report and to grant the initial motion and the plaintiff asks that confirmation be denied and that the service be sustained.
The evidence from the affidavits and documents and the testimony of Dr. Feldman, the sole witness before the Referee, is that the movant was born and resided with his parents until 1949 in Philadelphia where he was educated as a physician. Thereafter and until May 28,1954 he continued his professional training in New York in the course of which he qualified here by registration as a physician giving New York addresses, married here in August, 1952 and in that period was joined in a local bank account with his wife. They separated in July, 1953 and *913 later the marriage was annulled on his default. The complaint in that action alleged him to he a resident of New York. His residence for much of the five-year interval of his medical internship and subsequent professional training in New York was at the hospital. When applying for membership in the Medical Society of the County of New York on October 26,1953 he said his address was 11 East 100th Street where quarters are maintained for the interns and residents in training of the defendant hospital. After marriage and after separation he lived in small apartments until he left New York on May 28,1954 for military service.
The defendant shows that he spent much o'f his spare time from his work in New York by returning on week ends and holidays to Philadelphia. Most of his personal possessions remained there except for necessary clothing and professional articles which he brought and kept in New York. He has consistently remained a registered voter in Pennsylvania and he voted there in the 1954 spring primary and in 1952. He never registered for elections in New York. His draft obligations under the Selective Service and Training Act were discharged in Philadelphia where he entered the Naval service. Motor vehicle registration and licensure as an operator in 1952, 1953 and 1954 were effected in Pennsylvania. His bank accounts have always been in Pennsylvania.
The fundamental distinction between domicile and residence is well known. The permanency of the former — where the roots are grounded, as has been said — as distinguished from the transitional qualities and multiple possibilities of the latter are also familiar. There may be one domicile, the home of one’s final return although there could be many different residences at the same time (Ruderman v. Ruderman, 193 Misc. 85). The existing domicile, whether of origin or selection, continues until a new one is acquired (Rawstorne v. Maguire, 265 N. Y. 204; see 28 C. J. S., Domicile, § 18, subd. b, par. [3]; Black’s Law Dictionary, definition “ Domicile ”). While a person may select a domicile by exercise of his intention, the conduct of the person is indicative of the intention (Matter of Limburg v. Snyder, 253 App. Div. 844).
There is no dispute that Feldman’s domicile of origin was in Pennsylvania and that it continued until 1949. The plaintiff contends that when the defendant came to New York in 1949 his subsequent conduct showed an intent to change to a New York domicile — marriage statements of residence, professional registration, telephone listings, etc., which continued at least until he returned to Philadelphia on May 28,1954. The defendant says his *914 domicile never changed — -it was always in Pennsylvania. The plaintiff makes the point now of inconsistency on the defendant’s part, viz., that against his initial position of unchanged domicile, the defendant was permitted to argue before the Referee, what is denominated a reverter, meaning, I take it, a change back to Pennsylvania domicile when the defendant left New York on May 28,1954. Having lodged the summons with the Sheriff, pursuant to section 17 of the Civil Practice Act on April 10, 1954, when the defendant was still in New York, the plaintiff argues that that constituted commencement of the action against a then domiciliary of this State, that being thereby established, service in June was valid as on a domiciliary as provided for in section 235 of the Civil Practice Act. The alternative question of a change back to Pennsylvania is irrelevant and accordingly immaterial regardless of who urges it. Section 17 of the Civil Practice Act has nothing to do with the subject of actual commencement of the action. In the first place, it is part of article 2 of the Civil-Practice Act, entitled ‘‘ Limitations of Time ”, which at the outset in section 10 restricts its application to limitations. Section 16 of the Civil Practice Act, provides that an action is commenced when the summons is served. Furthermore, section 17 speaks of residents in providing the procedure for tolling a time limitation otherwise effective after the accrual of a cause of action. The square issue to be met here is the domicile of the defendant when he was served on June 11, 1954 in Philadelphia. There is no question of fleeing the jurisdiction to avoid service which is What the plaintiff suggests the Referee has mistakenly reported. What the Referee has said in effect is that giving the plaintiff the benefit of every doubt, assuming there was a change of domicile to New York between 1949 and May 28, 1954, when service was effected on June 11,1954 the proof is that the defendant was not a domiciliary of this State. To sustain the personal service in Philadelphia pursuant to the controlling statute, section 235 of the Civil Practice Act, the defendant must have been a domiciliary of this State. That is the status which was expressed in the amendment of the statute pursuant to the recommendation Of the Judicial Council in its Fifteenth Annual Report and Studies (1949, pp. 60-63). The ultimate amendment to its presently effective form on the authority of Milliken v. Meyer (311 U. S. 457, 462-463) includes the substitution of the phrase “ * * * a defendant domiciled in the state ’’, for the former “ * * * resident of the state * * * ”, as one who could be served without the State without an order. In support of its proposal the council pointed in footnote 8 (p. 62) to the broader provisions of the English rules for allowance of service *915 where relief is sought “ against any person domiciled or ordinarily resident within the jurisdiction ”. Residence under section 235 of the Civil Practice Act would be insufficient to sustain service. Repeating, to establish validity of the service it is necessary that the defendant shall have been a domiciliary of this State on June 11, 1954. The proof is to the contrary. The evidence as to exercise of the elective franchise while not conclusive, still is weighty evidence of placing the domicile (Matter of Limburg v. Snyder, supra). When considered with the other evidence, I find that the defendant Feldman’s domicile on the date of service in Philadelphia was not of this State and accordingly the motion to confirm the Referee’s report is granted. Motion No. 96 of July 27, 1954 is therefore granted and the service of the summons and complaint is vacated and set aside. Settle order.