James E. Mulcahy, J.
The defendant Bokum appears specially herein for the purpose of vacating and setting aside the service of the summons which was personally served upon him in Chicago, Illinois. His counsel asserts that he is a resident of the State of Illinois and opposing counsel states that he is a resident of this State; no evidentiary facts have been presented to support one contention or the other; moreover, nothing has been shown to indicate that he is a domiciliary of this city. However, for the purpose of this motion and in the context of the underlying facts presented herein, these omissions are not of importance and are mentioned merely to show the background of the questions presented. The service can *1024 not stand. It is somewhat surprising that neither side has referred to section 27 of the New York City Court Act which provides: ‘ ‘ All process and mandates of the court may be executed in any part of the city of New York.” In American Historical Soc. v. Glenn (248 N. Y. 445) the former provision of section 27 which provided that process of this court might be executed in any part of this State was struck down by the Court of Appeals as being unconstitutional.
The service is attempted to be upheld by reference to sections 235 and 232 of the Civil Practice Act, but this contention cannot be sustained. Section 232 of the Civil Practice Act is wholly inapplicable as the cause of action herein is one to recover a sum of money only, and no levy was made under a warrant of attachment (see subd. 3 of that section) and no order was granted as specified in subdivision 4 of that section. The case of Hoffman v. M. Schwartz, Inc., (139 N. Y. S. 2d 14) is readily distinguishable on the ground that a warrant of attachment was obtained therein. As to the limited purpose and applicability of the new matter that was added to section 235 of the Civil Practice Act by the amendment effected by chapter 185 of the Laws of 1949 (see Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 60-62, and authorities therein cited), I cannot conceive that anything contained in the latest amendment to section 235 of the Civil Practice Act was intended to, or that it could, derogate from the basic constitutional point decided in American Historical Soc. v. Glenn (supra).
The special appearance is sustained, the motion of the defendant Bokum is granted, and the service upon said defendant is vacated and set aside.