CECELIA SOEMANN, Respondent, *v.* JAMES E. CARR, Appellant.
GEORGE J. SOEMANN, Respondent, *v.* JAMES E. CARR, Appellant.

Fourth Department, July 9, 1959.

*Smith, Murphy & Schoepperle* (*Thomas W. Steffan* of counsel), for appellant.

*Frederick M. Marshall* (*William H. Clancy* of counsel), for respondents.

*Per Curiam.* The Special Term sustained the service of process in each of the above-entitled actions, upon the theory that the service of the summons by publication, under orders which it had previously granted and which it amended *nunc pro tunc,* could be treated as substituted service pursuant to section 231 of the Civil Practice Act. But we have come to the conclusion that it is not possible to sustain the service of process in this case as substituted service.

The automobile accident, out of which the actions arose, occurred on July 30, 1954. On July 26, 1957, when the three-year Statute of Limitations was about to run out, the plaintiffs' attorney delivered a copy of the summons and complaint in each action to the Sheriff of Erie County for service, thus extending the time for commencement of the action for 60 days under section 17 of the Civil Practice Act. The Sheriff was unable to serve the defendant personally and, on September 27, 1957, the plaintiffs' attorney procured an order ex parte in each action, on the affidavit of the attorney and the certificate of the Deputy Sheriff, directing that the summons be served '' by publishing the same in the Buffalo Daily Law Journal and the International Gazette  *  *  *  once in each six suc-

cessive weeks ", and further directing " on or before the day of the first day of publication, that the plaintiff deposit in a post office  *  *  *  a set of copies of the summons, complaint, and of this order, and of the notice required by Rule 52 of Civil Practice, properly enclosed in a post paid wrapper addressed to the said James E. Carr at Chairfactory Road, in the Town of Elma, New York ".

On their face, the orders appeared to be orders for service by publication. The rule of Civil Practice referred to in each order deals with the notice which is required to accompany a summons where service is made by publication. The time of publication specified in each order is that prescribed by rules 50 and 51 of the Rules of Civil Practice. Under the latter rule, " service by publication is complete on the forty-second day after the day of first publication ". Furthermore, the opening paragraph of the order recites that an application had been made by the plaintiff for an order for service " by publication, pursuant to statutes and rules in such case made and provided ".

The conclusion seems inescapable that the plaintiffs' attorney at the time he drew the orders intended them to be orders for service by publication, pursuant to sections 232 and 232-a of the Civil Practice Act. Each order recited that the defendant was " a resident of the State of New York " and the affidavit of the plaintiffs' attorney stated that he believed that the " defendant has secreted himself to avoid service of the summons " and that he made " this affidavit for the purpose of procuring an order to serve him by publication ". The affidavit presumably was intended to bring the case within subdivision 7 of section 232-a which provides for service by publication upon " a resident of the state " who " keeps himself concealed " within the State with intent " to avoid the service of a summons ". The reference in the opening paragraph of the order to " Section 234 Subdivision 2 " of the Civil Practice Act is completely unintelligible. There are no subdivisions in section 234 and section 234 deals only with the question of the court or judge who may make the order for service by publication.

The order in each case was filed on September 27, 1957, and, pursuant to the provisions of the order, the plaintiff commenced publication on September 30, 1957, and completed publication within six weeks thereafter. A copy of the summons and complaint was mailed to the defendant, in accordance with the order, together with the notice under rule 52, advising the defendant that the summons was " served upon you by publication " pursuant to the order.

Treating the order in each case as an order for service by publication, it was obviously void since there had been no prior levy of a warrant of attachment upon the property of the defendant within the State, as required by subdivision 3 of section 232 of the Civil Practice Act in any case in which the action is one to recover a sum of money only.

Incidentally, it may be noted that the requirement of a prior levy of an attachment in an action for a sum of money only, where the defendant is a resident of the State, came into the law for the first time in 1920 (L. 1920, ch. 478, amdg. Code Civ. Pro., § 438, subd. 5). It is difficult to understand why this requirement was ever imposed in the case of an action against a resident, over whom the courts of this State may assert plenary jurisdiction upon the basis of any form of authorized constructive service (*Milliken* v. *Meyer*, 311 U. S. 457). The Judicial Council in 1945 persuaded the Legislature to pass a bill eliminating the requirement (Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 193–202) but the Governor vetoed the bill. The following year (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 58–59) the bill revising section 232 of the Civil Practice Act was redrafted so as to retain the provision requiring the prior attachment of the property of a resident as a condition of obtaining an order for service by publication, and the bill was enacted into law (L. 1946, ch. 144).

The defendant applied, by an order to show cause entitled in both actions, for an order setting aside " the order of publication " and " the service made pursuant thereto and declaring the same null and void ". The plaintiffs made a cross motion " for an order correcting the first paragraph " of the orders of September 27, 1957, and for an order permitting the plaintiffs " to file proof of service of the aforesaid order, *nunc pro tunc* in the Erie County Clerk's office ". The Special Term denied the defendant's motion and granted the plaintiffs' motion and accordingly granted an order amending the first paragraph of the orders of September 27 to read " It appearing to the satisfaction of the Court in the above entitled action, that James E. Carr is a resident of the State of New York, and pursuant to Sections 230 and 231 of the Civil Practice Act, plaintiff has been unable to complete personal service of the Summons and Complaint on said person ". This amendment, however, left unchanged the recital of the original order in each action that the plaintiff had applied " for an order authorizing the service of the summons in this action on said defendant by publication, pursuant to statutes and rules in such case made and provided " and left unchanged the operative para-

graphs of the order directing publication of the summons in two newspapers for six weeks and the mailing of the notice required by rule 52 of the Rules of Civil Practice in connection with service by publication.

The court also allowed the filing of "proof of service of the Order of September 27, 1957, *nunc pro tunc*" and it denied the defendant's motion to declare the service of the summons null and void.

It is the plaintiffs' theory that, by virtue of the amendatory order, the orders of September 27, 1957 are now orders for substituted service pursuant to sections 230 and 231 of the Civil Practice Act and that valid service was made upon the defendant pursuant to the orders in accordance with the authority of those sections.

Of course, if the original order in each case was intended to be an order for service by publication and was void because of the absence of a prior levy of an attachment, it cannot be retroactively converted into a valid order for substituted service. However, it is the contention of the plaintiffs' attorney that the original order in each case was intended to be an order for substituted service and that the reference to service by publication was an inadvertence or error and that the erroneous provisions can be corrected *nunc pro tunc* under the general power of the court to correct mistakes, omissions, defects and irregularities granted by section 105 of the Civil Practice Act. The plaintiffs contend that publication of the summons was simply the method selected by the court for the making of substituted service under subdivision (3) of section 231, which authorizes the "service of the summons * * * in such manner as the court may direct" in any case in which no residence of the defendant can be found at which the summons can be served in accordance with subdivisions (1) and (2) of the section.

The plaintiffs' theory places a great strain upon the language of the order as well as upon the credulity of the court. But even if we accept their theory, we find it impossible to reach the result which they wish us to reach. There is no finding by the court in the order, even as amended, that no residence of the defendant could be found at which the summons could be left with a person of proper age or at which the summons could be affixed to the door, as provided in subdivisions (1) and (2) of section 231. But even if we disregard this and other deficiencies in the order, it is impossible to find that substituted service was validly effected under section 231 because under that section the substituted service must be

made and proof of service must be filed within 20 days after the order is granted. If a court chooses publication as the method of substituted service upon a resident under that section (assuming that to be permissible), the court must provide for publication within a 20-day period. It cannot provide for service to run for a period of 42 days since in such a case the service obviously would not be made within 20 days from the date of the order as required by the section and, of course, it would be impossible to file proof of the making of the service within 20 days. A *nunc pro tunc* order may be granted to permit the belated filing of proof that an event had taken place within the required time (*Lambert* v. *Lambert*, 270 N. Y. 422; *Burger* v. *Lawson*, 2 Misc 2d 322; cf. *Widelski* v. *Fadden*, 6 A D 2d 753; *Toubin* v. *White*, 2 Misc 2d 723) but an order cannot be granted to allow proof to be filed *nunc pro tunc* as of a time when the event had not yet taken place. A *nunc pro tunc* order " cannot record a fact as of a prior date when the fact did not then exist " (*Merrick* v. *Merrick*, 266 N. Y. 120, 122; *Matter of Bright Homes* v. *Weaver*, 7 A D 2d 352, 359).

It may also be noted that the extension of the Statute of Limitations under section 17 of the Civil Practice Act could not embrace this case since, under that section, the delivery of the summons to the Sheriff " must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service of the summons * * * or by the first publication of the summons, as against that defendant, pursuant to an order for service upon him in that manner or by substituted service of the summons on such defendant within the state pursuant to an order ". If the publication of the summons in this case is regarded, in accordance with the plaintiffs' argument, not as service by publication under section 232, but as a means of substituted service under section 231, it was not completed within 60 days after the original Statute of Limitations had run (cf. Civ. Prac. Act, § 232-a, subd. 10).

The orders appealed from should be reversed and the defendant's motion to set aside the service of the summons in each action should be granted and the plaintiffs' motion to amend the orders of September 27, 1957, should be denied.

All concur. Present — McCURN, P. J., KIMBALL, WILLIAMS, BASTOW and HALPERN, JJ.

Orders reversed, without costs of this appeal to either party and plaintiffs' motion denied, without costs and defendant's motion granted, without costs.