BERLANTI CONSTRUCTION CO., Inc.,
Plaintiff,

v.

REPUBLIC OF CUBA, Defendant.

United States District Court
S. D. New York.

Dec. 13, 1960.

John B. Gilleran, White Plains, N. Y., for plaintiff.

Rabinowitz & Boudin, New York City, for defendant.

RYAN, Chief Judge.

This suit, filed on March 29, 1960 against the Republic of Cuba, seeks recovery for alleged breach of contract. Plaintiff, on July 12, 1960, obtained an order from the Clerk appointing a person or persons other than the Marshall to serve process. It appears that thereafter the Minister of the Presidency of the Republic of Cuba was served on July 21, 1960 in Havana, Cuba. Defendant did not appear or answer, and plaintiff on September 8, 1960 obtained a certificate of default from the Clerk.

Plaintiff thereafter moved for an order directing an inquest be taken, damages assessed, and judgment entered for damages so liquidated. Defendant has moved: (1) to vacate and set aside the alleged default on the part of defendants; (2) to vacate and set aside the Certificate of the Clerk of this Court noting the entry of defendant's default; (3) to vacate and set aside and declare null and void the alleged service of the summons and complaint upon the Republic of Cuba on July 21, 1960; and (4) to vacate and set aside and declare null and void the Return of Service of Writ in this alleged service.

Plaintiff contends that due and proper service of process was made on the defendant and urges that defendant may not attack the service at this time as it has waived its right to do so under Rule 12(h) F.R.Civ.P., 28 U.S.C.A. Plaintiff further submits that defendant consented to the jurisdiction of this Court and waived its sovereign immunity by contract dated December 4, 1958.

The threshold question to be determined in this suit is whether or not a valid service of process has been made upon the Republic of Cuba.

██ The jurisdiction of the district courts over the person and subject matter in an action is circumsribed by Congressional mandate and the rules. The Act of June 19, 1934, Ch. 651, §§ 1, 2, 48 Stat. 1064, as amended to July 7, 1958, 28 U.S.C.A. § 2072. Consent to the jurisdiction of this district court over the person, assuming it is here present, does not embody or imply consent to the service of process in any manner or in any territory.

██ Plaintiff cites the decision of the New York Court of Appeals in Gilbert v. Burnstine et al., 1931, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453, in which contractual consent to the jurisdiction of an arbitration tribunal in England was deemed sufficient to validate service on the defendant in that proceeding in New York under state law.[1] Though the opinion of that court merits great respect, nevertheless, this Court is bound only by federal law in matters of jurisdiction.[2] Though one may consent

1. In that case, the New York Court of Appeals permitted the plaintiff to file suit for the enforcement of an arbitration award given by an English tribunal as the defendant by contract had consented to the arbitration of disputes in England under the Arbitration Act of 1889 (52 and 53 Vict. c. 49). Though the New York Court permitted the suit, it did not validate personal service pursuant to New York statutes, but rather repudiated the attack on the English procedure or service in the arbitration action because of the contractual waiver entered into by the defendant.

2. In the recent case of Jaftex Corporation v. Randolph Mills, 2 Cir., 1960, 282 F.2d 508, the Court of Appeals discussed problems in this area similar to those presented in the instant case.

to submit to the jurisdiction of the district court in certain circumstances, it is clear that the territorial jurisdiction for the service of process is unequivocally prescribed by Rule 4, F.R.Civ.Proc. This rule delineates the scope or the territorial extent of process to be within the state in which the district court is located though this might extend beyond the district in which the court sits.[3] This particular rule further specifies two distinct exceptions, neither one of which is applicable in the instant case.[4] The federal rules provide that service of process which is permissible within the state wherein the court sits, will be deemed sufficient service of process in the district court.[5] Thus, if the Courts of New York State would permit service of process in the instant proceedings, that service would be valid in this Court.

Under the New York Civil Practice Act provision is made for substituted service of process [6] and service by publication.[7] However, such service must be effectuated strictly according to the statutory provisions, Merchandise National Bank of Chicago v. Lister, 1957, 7 Misc.2d 106, 160 N.Y.S.2d 175; Connie Dispensers v. Delicate International, 1957, 5 Misc.2d 1023, 166 N.Y.S.2d 286; Lehman v. Mariano, 1955, 285 App.Div. 824, 136 N.Y.S.2d 657; Soemann v. Carr, 1959, 8 A.D.2d 489, 188 N.Y.S.2d 611, and thus these methods are not applicable here. The Civil Practice Act also provides for personal service of process outside of the state.[8] However, the courts of that state would not validate as consonant with the statutory requirements the personal service of process attempted in the instant case.[9] We have

3. Rule 4(f) F.R.Civ.Proc., 28 U.S.C.A.; Mississippi Publishing Corp. v. Murphree, 1946, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185; Barr v. Eastern Air Lines, D.C.Pa.1948, 8 F.R.D. 91; 2 Moore's Federal Practice (2d Edition 1948, with supplement) 1030–1037.

4. Rule 4(d) (7): "Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." 28 U.S.C.A., F.R.Civ.Proc. See 2 Moore's Federal Practice (2d Edition 1948) 1035.

   In the absence of a specific exception by Congress, a federal district court cannot issue process beyond its territorial limits. Phillips v. Hiatt, D.C.Del.1949, 83 F.Supp. 935.

5. Rule 4(d) (7), 28 U.S.C.A.; Cf. 2 Moore's Federal Practice at p. 946, discussing Milliken v. Meyer, 1940, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, and the theory as applied to the federal district courts.

   Compare: Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, S. A., 2 Cir., 1957, 243 F.2d 342, with Jackson v. Kentucky River Mills, E.D. Ky.1946, 65 F.Supp. 601, for interpretation of the New York law on acceptable service of process in arbitration contracts.

6. New York Civil Practice Act ¶ 230; See Prashker on New York Practice, Third Edition, Brooklyn, New York, 1954, pgs. 152 et seq.; Cahill-Parsons New York Civil Practice, Second Edition, 1955, New York, New York, Section 230, 231.

7. New York Civil Practice Act ¶ 232; See Prashker on New York Practice, Third Edition, Brooklyn, New York, 1954, pgs. 161 et seq.; Cahill-Parsons New York Civil Practice, Second Edition, 1955, New York, New York, Section 232–234.

8. New York Civil Practice Act ¶ 227; See Cahill-Parsons New York Civil Practice, Second Edition, 1955, New York, New York, Section 227, 229–b.

9. Federal Motorship Corp. v. Johnson & Higgins, 1948, 192 Misc. 401, 77 N.Y.S. 2d 52, affirmed 274 App.Div. 1034, 85 N.Y.S.2d 915, 916, appeal dismissed 299 N.Y. 793, 87 N.E.2d 686; Levin v. Frank, Sup.1955, 141 N.Y.S.2d 70; Crouch v. New York Herald Tribune, 1954, 137 N.Y.S.2d 23 for service of summons upon non-resident natural person doing business in the state; see also: Kearsing v. Erie R. R. Co., 1958, 5 A.D.2d 1014, 174 N.Y.S.2d 884; Princehouse v. Colorshake Corp., Sup.1955, 140 N.Y.S.2d 250.

no jurisdiction therefore as defendant has not been properly served. Winn v. Hudson, 5 Cir., 1957, 248 F.2d 540; Daily Review Corp. v. International Typographical Union et al., D.C.E.D. N.Y.1949, 9 F.R.D. 295; Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307; Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, S.A., supra, citing Gilbert v. Burnstine, supra, as persuasive in arbitration proceedings in New York State practice and derivatively in federal procedure. But also see Jackson v. Kentucky River Mills, supra.

Plaintiff further contends that the defendant may not raise the defense of improper service of process at this time because of the waiver provision contained in Rule 12(h) of the Federal Rules of Civil Procedure.[10]

■ While it is true that "a party waives all defenses and objections which he does not present either by motion * * * or, if he has made no motion, in his answer or reply * * *",[11] it is equally certain by the phraseology of this section and the precedents interpreting the same that this rule envisages that the movant had previously appeared before the Court and failed to so move. Carter v. Powell, 5 Cir., 1939, 104 F.2d 428; Schaefer v. Hessinger, D.C.Conn. 1954, 16 F.R.D. 586; P. Beiersdorf & Co. v. Duke Laboratories, D.C.N.Y.1950, 10 F.R.D. 282; see also In re Eizen Furs, D.C.Pa.1950, 10 F.R.D. 137.

■ We find that defendant did not waive its rights to challenge the service of process by failure to move before a default was entered.

Defendant's motion is granted, vacating all prior proceedings. Plaintiff's motion is denied in all respects. As this ruling is dispositive, we need not consider the question of the sovereign immunity of the defendant that has been raised by the parties.

Settle order.

10. Rule 12(h) F.R.Civ.Proc. (28 U.S.C.A. § 2072, Rules 1–16).

11. Ibid.