Arthur E. Blyn, J.
The defendant corporation, a foreign corporation incorporated under the laws of the Cayman Islands, seeks to vacate an order of attachment signed by Judge Bunn G. Goodman on August 18, 1972, claiming that the order, secured' ex parte, was based on false and fraudulent statements; on the further grounds that the summons and complaint was not served upon the defendant within 60 days after the order of attachment was signed; and that the court had no jurisdiction over the defendant corporation.
The defendant in addition by order to show cause seeks the same relief on the same grounds as to an order signed by Judge Saul Price on November 29,1972 which order extended the time for seizure of the levied assets of the defendant.
The plaintiff had commenced this cause of action by service of the order of attachment, the supportive papers and the summons and complaint, on an officer of the defendant corporation at his home in Connecticut.
The proof of service, which was timely filed with the court, set forth a Washington, D. C. address for the process server. A supplemental affidavit was subsequently executed by the process server setting forth as an additional address one in New York 'City.
The relief sought by the order to show cause is superfluous. The real challenge must be to the order of attachment signed *252 by Judge Goodman. If that challenge .succeeds then the extension order of Judge Price is a nullity.
Normally the motion to vacate Judge Goodman’s order of attachment would be referred to him. This court, however, by order of Judge Dave Edwards was directed to hold a hearing on the challenge to the jurisdiction of this court, which traverse is so intertwined with the other matters raised in the motion papers as to make it impractical to refer to Judge Goodman. The motion relating to Judge Price’s order cannot be referred to him because he has retired from the Bench and is hopefully, happily sunning himself in Florida.
The court will therefore deal with the questions raised in the motion papers after resolving the dispute as to jurisdiction.
The traverse is overruled. The evidence presented at the hearing established to the court’s satisfaction that the process server was qualified to effect the service of papers in the within matter. A person can have two residences (Matter of Green, 99 Misc. 582, affd. 179 App. Div. 890; Melendez v. Mount Sinai Hosp., 2 Misc 2d 911). In the ease at bar one of the two residences was in New York State.
The court is also of the opinion that although the original affidavit of service only bore the Washington, D. C.; address of the process server, the supplemental affidavit of service supplied the New York residence. Such a technical defect in the original affidavit of service, filed with proof of service, can be remedied. There is no question that the process was served as set forth in the affidavit on the person and at the place and date set forth. There is no claim that the person so served was not aware of this service. The qualifications of the process service as set forth in CPLR 313 and subdivision (b) of section 404 of the New York City Civil Court Act require that the process server be a resident of the State of New York at the time of service. The omission of such residence on the affidavit of service does not render the service invalid per se. The evidence brought out at the hearing convinced the court that the process server did have a valid residence in the State of New York at the time of service. The court deems the supplemental affidavit of service as filed nunc pro tune along with the original affidavit of service timely filed (CPLR 305, subd. [c]).
It has been held that it is the fact of proper service which confers jurisdiction and defects in or insufficient proof thereof may be corrected and a deficiency in proof may be .supplied. (Lehman v. Mariano, 285 App. Div. 824, mot. for iv. for rearg. den. 285 App. Div. 903; Bauman v. Tenger, 108 N. Y. S. 2d *253 696.) Furthermore, far more serious defects than the failure to supply the New York residence information in an affidavit/ of service have been insufficient to warrant dismissal for lack of jurisdiction, including the failure to swear to the affidavit before a notary public (Schepps v. Mandarin of Long Beach, 145 N. Y. S. 2d 889); use of the wrong name of the defendant (Gardon v. Gordon, 17 Misc 2d 734); and even complete failure to file the affidavit of proof1 of service (Hayuk v. Hallock, 11 Misc 2d 1086; Molyneaux v. Sevilla, 22 Misc 2d 450). Amendments to correct a deficiency in proof have been allowed in Gullette v. Parisher (65 N. Y. S. 2d 731) and Schepps v. Mandarin of Long Beach (supra). The court also finds that the service of the summons and complaint on Jean Vivaudou as an officer of the defendant foreign corporation in Connecticut was service on the corporate defendant (CPLB 311). The court rejects the contention of the defendant that in order for service on the corporation to be effective it must be served on an officer of the corporation either in the place of incorporation or in a State in which the defendant did business.
The court has jurisdiction over the defendant on two grounds:
1. That the defendant foreign corporation “ transacts any business within the state” (CPLB 302, subd. [a], par. 1; or CCA, § 404, subd. [a], par. 1).
2. The order of attachment levied upon assets which appear to be owned by the defendant foreign corporation.
As to the first the facts are that the promissory note, the subject of this litigation, was executed in the State of New York (Pacer Int. Corp. v. Otter Distr. Co., 51 Misc 2d 737); the letterhead of the corporation shows a New York address during the period of execution of the note; and the record indicating the holding of the assets levied against by the order of attachment in the name of the defendant lists the address shown on the letterhead. The other basis for jurisdiction is the levy against assets held in the name of the defendant here in New York City pursuant to the order of attachment.
Each, in and of itself, is sufficient to give the court jurisdiction of the defendant corporation. It is true of course that the jurisdiction by virtue of the levy would only be effective as to the value of the assets seized thereunder.
The court now turns to the other matters raised by the motions. The court denies the motion to vacate the order of attachment signed by Judge ‘Goodman. The conflicting allegations set forth in the numerous affidavits cannot be resolved on the papers. The court has jurisdiction in any event by reason of the service *254 of the defendant foreign corporation under CPLR 302 (subd. [a], par. 1) or section 404 (subd. [a], par. 1) of the New York City Civil Court Act. In addition there can be no prejudice to the defendant as a result of such denial inasmuch as the same assets are being held under another levy by a judgment creditor of the defendant under a matter brought in the Supreme Court, New York County.
If the defendant believes that despite this prior levy it would be prejudiced by the denial óf its motion to vacate the order of attachment, it may in lieu of the order and the levy post a bond, in the sum of $20,000 to both protect the interests of the plaintiff in the event he is successful in the outcome of this litigation and to serve as the res for the continuation of jurisdiction based on the order of attachment and levy.