**Shirley C. DEVOTO, Appellant,**

v.

**William DEVOTO, Appellee.**

**No. 9556.**

District of Columbia Court of Appeals.

Argued April 21, 1976.

Decided May 27, 1976.

Sharon E. Shanoff, Washington, D. C., for appellant.

Charles H. Mayer, Washington, D. C., for appellee.

Before KELLY, GALLAGHER and MACK, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from the Superior Court of the District of Columbia, Family Division, in an action for separate maintenance which was brought by the appellant wife against her husband (appellee). The lower court granted appellee's motion to

dismiss for want of personal jurisdiction. We affirm.

Appellant filed her complaint on May 29, 1974, and at the same time she caused copies of the summons and complaint to be sent to appellee at his residence in London, England, via registered mail. It is undisputed that appellee received the copies on June 3, 1974,[1] and that some two months later on August 12, 1974, he filed an answer which, *inter alia,* raised the defense of insufficiency of service of process. Subsequently, on January 7, 1975, appellee moved to dismiss on the ground of lack of personal jurisdiction and asserted, as he does here, that this defense had been preserved in his answer.

Appellant's position, on the other hand, involves two contentions: (1) that the defenses of lack of personal jurisdiction and insufficiency of service of process are waivable under Super.Ct.Dom.Rel.R. 12(h) (1),[2] and (2) that these defenses were waived in the instant case because they were asserted in an answer which was filed out of time under Super.Ct.Dom. Rel.R. 12(a).[3]

We agree with the first contention and disagree with the second.

██ It is true, of course, as appellant asserts, that the personal defenses here involved may be waived, for Super.Ct.Dom. Rel.R. 12(h)(1) so provides by its terms. It is also true, however, that a court can acquire *in personam* jurisdiction over a defendant only through (1) voluntary appearance or (2) service of valid process in an authorized manner. When neither has taken place, a defendant cannot be said to have waived through nonappearance his right to assert defenses which challenge the jurisdiction of the court over his person. *Snyder v. Laboy,* D.C.App., 291 A.2d 194 (1972); *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871 (3d Cir.), *cert. denied,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944); *Seman v. Pittsburgh Brewing Co.,* 25 F.R.D. 209 (N.D.Ohio 1960); *Berlanti Construction Co. v. Republic of Cuba,* 190 F.Supp. 126 (S.D.N.Y.1960).[4]

██ Defendant in this case did not, as is contemplated by the waiver language in Rule 12(h), *supra,* submit or consent to the jurisdiction of the court by voluntarily appearing and omitting to raise any personal jurisdictional defense, *Berlanti Construction Co. v. Republic of Cuba, supra,* 190 F.Supp. at 129. Rather, he asserted the jurisdictional defense in his answer. Prior to that time, he "ignore[d] the whole proceeding" as he was entitled to do. *Orange Theatre Corp. v. Rayherstz Amusement Corp., supra,* 139 F.2d at 873.

Appellant seeks to distinguish our decision in *Snyder v. LaBoy, supra,* on the ground that the missing element there was a valid summons[5] rather than valid service, but we see this as a distinction without a difference, for the absence of either factor vitiates personal jurisdiction where there has been no voluntary appearance.[6]

*Affirmed.*

---

1. The record shows that appellee signed a "return receipt" on that date.

2. Super.Ct.Dom.Rel.R. 12(h)(1) states, in pertinent part, as follows: "A defense of lack of jurisdiction over the person, . . . or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading . . . ."

3. Super.Ct.Dom.Rel.R. 12(a) states, in pertinent part, that a "defendant shall serve his answer within 20 days after the service of the summons and complaint upon him . . . ."

4. *Bavouset v. Shaw's of San Francisco,* 43 F.R.D. 296 (S.D.Tex.1967) is *contra* and specfically questions the holding in *Berlanti Construction Co. v. Republic of Cuba, supra.* Significantly, however, the precedents cited in *Bavouset, supra,* involve objections to venue which, unlike objections to personal jurisdiction, may be waived through nonappearance. *Seman v. Pittsburgh Brewing Co., supra.*

5. The summons was void because it was served after the return date had passed.

6. In a subsidiary argument, appellant relies upon the District of Columbia long arm pro-

vision which permits exercise of extraterritorial personal jurisdiction over nonresidents based on certain types of conduct occurring within the District. D.C.Code 1973, § 13–423. In that regard, we need only note that appellant has not asserted any claim for relief arising from the activities described in the statute cited.