## UNITED STATES v. DE RASIMO et al.

District Court, S. D. New York.
Jan. 14, 1931.

John F. Harrington, of New York City, for the motion.

Robert E. Manley, Acting U. S. Atty., of New York City (Earle N. Bishopp, of Brooklyn, N. Y., of counsel), opposed.

WOOLSEY, District Judge.

This motion is granted.

The writ of subpœna herein was issued on October 7, 1930, out of the clerk's office.

The marshal certified that the writ was served on the defendant Ruggiero on November 24, 1930, and on the defendant De Rasimo on November 25, 1930.

The writ with this certificate on it was returned to the clerk's office and there filed December 4, 1930.

Equity Rule 12 (28 USCA § 723) requires that such a writ shall be returnable in the clerk's office twenty days from its issuance.

The writ in this case was returned fifty-nine days after issuance, with the attached certificate showing service on one defendant forty-eight days after its issuance and on the other defendant forty-nine days after its issuance.

The result is that under the rules which have a statutory sanction the writ of subpœna in this case had lost its potency and was null and void when it was served. Consequently it had no effect as a process to bring the defendants into court.

Obviously it was also long overdue when it was returned to the clerk's office.

The proper practice would have been for the marshal, in compliance with Equity Rule 12, to have returned the writ of subpœna to the clerk's office at the end of the period of twenty days during which it was potent, with a statement that he had not executed it. Then he could have secured an alias subpœna under Equity Rule 14 (28 USCA § 723) and followed the same course thereafter until due service on each of the defendants was accomplished.

Settle order on two days' notice.