**ENG KAM v. McGRATH, U. S. Atty. Gen., et al.**

No. 1277.

United States District Court,
W. D. Washington. S. D.

April 11, 1950.

136

Hile, Hoof & Shucklin, Seattle, Wash., and Peter J. Boyd, Seattle, Wash., of counsel, for petitioner.

J. Charles Dennis, United States Attorney, Guy A. B. Dovell, Asst. United States Attorney, and John W. Keane, Immigration and Naturalization Service, Seattle, Wash., for defendants.

LEAVY, District Judge.

The petitioner herein seeks relief from a final decision of the United States Board of Immigration Appeals. The decision dismissed the petitioner's appeal from an order of the Assistant Commissioner of Immigration and Naturalization. The Assistant Commissioner had affirmed a decision of the Board of Special Inquiry, held at San Francisco, California, excluding the petitioner as a person not qualified for admission under the Act of December 28, 1945, Public Law 271, 8 U.S.C.A. § 232.

The complaint of the petitioner seeks a declaratory judgment finding that he is the minor son of Hong Jam Eng, and that the said Hong Jam Eng is an honorably discharged veteran of the United States Armed Forces, a naturalized citizen of the United States, and entitled to have his minor children, though born abroad, admitted into the United States under the provisions of the above-mentioned Act.

Service was made upon the parties defendant by registered mail: on the Attorney General in Washington, D. C., and on the Acting Director of Immigration and Naturalization in San Francisco. The petitioner contends that such service confers jurisdiction upon this court by virtue of 8 U.S.C.A. § 903 and section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009.

The defendants have moved to dismiss the petition on jurisdictional grounds, claiming that there is no right conferred upon the petitioner to secure service in the manner indicated, and that jurisdiction in this action can be acquired only as provided in Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which rule fixes the territorial limits of a district court as being within the state in which such court is held.

■ The petitioner cannot maintain this action in this court by virtue of section 903, as that section is applicable only to those who are, or claim to be, nationals of this country. We must, therefore, look to the other ground on which the petitioner contends the law confers jurisdiction upon this court, which is 5 U.S.C.A. § 1009.

■ The question whether an action such as this can be reviewed in a Federal District Court under the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., is one upon which the courts have differed. However, the Supreme Court of the United States, in an opinion rendered February 20, 1950, No. 154, Wong Yang Sung v. McGrath, 70 S.Ct. 445, has put at rest this issue and makes it clear that the Administrative Procedure Act is applicable to a situation such as is disclosed by the pleadings of the petitioner herein.

This conclusion does not, however, dispose of the challenge made by the defendants to the jurisdiction of this court, for failure to serve process within the limits as fixed by Rule 4(f) of the Rules of Civil Procedure.

■■ In none of the citations submitted, nor in any that we have been able to find, has there been a determination that the enactment of the Administrative Procedure Act modified, amended, or repealed Rule 4(f) as it applies to matters involving either the Immigration and Naturalization Service or the various administrative agencies of the Government. It follows, therefore, that, with Rule 4(f) being in full force and effect, the service as made is without authority of law and leaves this court without jurisdiction over the parties named defendants in this action. This is true even though the Attorney General is not a necessary party.

■ It is the contention of the petitioner that it would work a great hardship upon him should he be required to return to San Francisco and there submit himself to be taken into custody, and then institute a habeas corpus proceeding there. Such a procedure is wholly unnecessary, but it is necessary that the review he seeks be had in a District Court of the State of California, where jurisdiction exists. To construe the Administrative Procedure Act comprehensively enough to bring the petitioner within its terms, by permitting him to maintain this action in this court, would result in permitting any person who felt aggrieved with an administrative decision to travel about the United States and institute an action wherever he happened to be at the moment, and then change his residence either permanently or temporarily to another distant place, and dismiss his original action and institute a new one.

I feel this matter turns entirely upon the validity and effectiveness of Rule 4(f), and, for that reason, the challenge to the jurisdiction of this court must be sustained.

An order dismissing this action without prejudice for want of jurisdiction may be submitted.