## HENRY L. CROWLEY & CO., Inc. v. RECONSTRUCTION FINANCE CORP.

### Civ. No. 878–52.

United States District Court
D. New Jersey.

July 10, 1953.

Milton, McNulty & Augelli, John Milton, Jr., Jersey City, N. J., for plaintiff.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., John R. Everitt, Asst. U. S. Atty., South Amboy, N. J., Charles R. L. Hemmersley, Hoboken, N. J., for defendant.

HARTSHORNE, District Judge.

Plaintiff sues Reconstruction Finance Corporation (RFC), a corporate agency of, and created by, the United States, for damages for failure to remove certain machinery from plaintiff's plant, allegedly left there wrongfully by defendant. Defendant moves to dismiss the complaint, F.R.C.P. 12(b), 28 U.S.C.A., for lack of jurisdiction over the person of defendant, as well as absence of an indispensable party, the United States Government itself. The primary issue is whether proper service has been had on defendant corporation, F.R.C. P. 4(d).

It is unnecessary to detail the lengthy relationships between the parties, including first a lease to plaintiff of said lands and machinery by Defense Plants Corporation, an entity created by the RFC, which later succeeded to all the assets and liabilities of Defense Plants Corporation. Thereafter plaintiff bought this land and most of this machinery under a form contract called Plancor 157, in which the seller was described as the RFC "acting through the War Assets Administration", the latter being a Government agency, but not a corporation, to whom the "care, custody and accountability" of the machinery in question was later transferred by the RFC.

Due to plaintiff's uncertainty as to whom to sue, for the failure to remove the machinery in question under the above contract, plaintiff after a settlement of all other disputes between the parties, not only instituted the instant suit against the RFC, but also instituted a suit in the Court of Claims for the same cause of action against the United States itself, on the theory of its responsibility for the acts of its agency, the War Assets Administration. But the Court of Claims suit cannot proceed as long as the instant suit is pending. Title 28 U.S.C.A. Court of Claims, § 1500.

Since this Court is faced with this suit alone, the question before it is whether

this suit can proceed against this defendant, the RFC. If this defendant has not been served, so as to give jurisdiction over the person, defendant's motion to dismiss the complaint as to the defendant must be granted.

Plaintiff has attempted to serve defendant corporation by (1) serving one of its attorneys, Charles Hemmersley, at his home in Montclair, N. J., but this attempted service is admittedly a nullity. (2) Plaintiff has also sought to serve defendant corporation in the Southern District of New York. (3) Plaintiff has further served the United States Attorney for the District of New Jersey. (4) Plaintiff has finally delivered a copy of the summons and complaint into the hands of the Assistant Secretary of the RFC in Washington, D. C.

■ The Rules require service "Upon an officer or agency of the United States [such as RFC is], by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule." F.R.C.P. 4(d)(5). This requires two things, (a) a serving of the United States, and (b) a delivery of a copy of the summons and of the complaint to the corporate agency "as provided in paragraph (3)". In order to comply with the first such requirement, of service upon the United States, we turn to subdivision (4) of the same rule, which provides that "Service shall be made * * *. Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought. * * * and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia * *." No question is raised as to the correctness of service upon the United States. Question is raised, however, as to whether delivery of the summons and complaint to the corporate agency complied with subdivision (3) of such rule, as required. This provision is that a service on a corporation shall be had "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *." It will be recalled that such delivery was, in fact, made in Washington, D. C. The point made by the defendant in this regard is that such delivery should have been to such officer of the defendant "within the territorial limits of the state in which the district court is held", except in instances here inapplicable. F.R.C.P. 4(f). This simply expresses the usual common law rule that the jurisdiction of a court normally does not extend beyond its ordinary territorial limits, here the State of New Jersey. Not only so, but reference to the other provisions of Rule 4 all indicate that generally, when the delivery of a copy of the summons and of the complaint is called for, such delivery must be, normally at least, within the State of New Jersey. That this is generally understood to be the rule, see 2 Moore's Federal Practice, Sec. 4.29, page 995, also 998. Not only the above elementary principle, but the impracticability of haling a Government corporate agency, located in one corner of this country, into a court located perchance several thousand miles away, in another corner of the country, would make it unreasonable to impute any such intent to either the Congress or the United States Supreme Court, which created the rules, in the absence, at least of an express provision to the contrary.

■ For this reason the delivery of a copy of the summons and complaint to the defendant's officer in Washington, D. C. did not comply with the requirements of subdivision (3), supra, and is thus inefficacious to bring defendant within the jurisdiction of this Court. For like reason, the attempted service of the defendant corporation outside the State of New Jersey, i. e., in the Southern District of New York, is similarly inefficacious.

Nor is Blackmar v. Guerre, 1952, 342 U. S. 512, 72 S.Ct. 410, 96 L.Ed. 534, to the contrary.

Since this Court lacks jurisdiction over the person of the defendant, the complaint must be dismissed as to defendant RFC. Orange Theater Corp. v. Rayherstz Amusement Corp., 3 Cir. 1944, 139 F.2d 871, certiorari denied, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573.

An order may be entered accordingly.