Irving **COHEN**

v.

**Ralph LEONE, Frank Tibbitts, Ernest Millard, in their capacity as the duly appointed members of the Eastern Industrial Personnel Security Board.**

Civ. A. No. 19152.

United States District Court
E. D. Pennsylvania.
Oct. 28, 1955.

William J. Woolston, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Arthur Littleton, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

WELSH, District Judge.

On March 7, 1955, at Philadelphia, Pennsylvania (within this, the Eastern District of Pennsylvania), plaintiff, an employee of R. C. A., was given a hearing before the Eastern Industrial Personnel Security Board which was composed of the above named individual defendants. On March 24, 1955, said Board ordered that plaintiff not have access to classified material while an employee in private industry engaged in work on government contracts.

On June 27, 1955, plaintiff brought the present action alleging a denial of his right or means of effectively continu-

ing his gainful employment as an engineer in his chosen field of electronics in the employment of either private enterprise or a public body and seeking a fair hearing at the hands of the Board or a recission of the Board's order of March 24, 1955.

The United States has moved for a dismissal of the action for lack of jurisdiction (1) because of improper service of process upon the individual defendants and (2) because of plaintiff's failure to exhaust his administrative remedies.

I. Rule 4(d) (5) of the Federal Rules, 28 U.S.C.A., provides for service of process upon an officer or agency of the United States by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. The record discloses that the United States Attorney for this District was served with a copy of the summons and the complaint on July 7, 1955. It further discloses that on August 15, 1955, the United States Marshal for the Southern District of New York served the members of the Board at 45 Broadway, New York within said Southern District, by handing one copy of the summons and complaint for each member to the secretary to the Executive Secretary of the Board.

The contention of the United States is that the service on the individual defendants in the Southern District of New York was improper because service under Rule 4(d) (5) is controlled by Rule 4(f) of the Federal Rules which provides that all process, other than subpoenas, may be served anywhere within the territorial limits of the States in which the District Court is held.

■ Admittedly, New York, where service was made on the individual defendants, is not within the territorial limits of Pennsylvania, the State in which this District Court, for the East-

ern District of Pennsylvania, is held. Upon the facts and circumstances of the instant case, however, we cannot agree with the contention of the United States and accordingly we hold that there was delivery of a copy of the summons and complaint within the meaning of Rule 4(d) (5) and that therefore service of process here was proper. The basis of our holding is that the Board's hearing was held in this District. And it is our thought that the United States cannot now be heard to say that the members of the Board are not subject to this Court's jurisdiction.

■ II. On April 12, 1955, prior to the commencement of this action, plaintiff was advised by the executive secretary of the Board that there was no further administrative review or appeal available to him. However, on August 25, 1955, after the commencement of this action, plaintiff's counsel was informed by the acting executive secretary of the Board that further appeal could be made to the Director of the Office of Industrial Personnel Security Board in Washington, D. C. Upon receipt of said information plaintiff filed before said Director a petition for reconsideration of the Board's decision. As yet no action has been taken on said petition.

Under the circumstances, although it is clear plaintiff has failed to exhaust his administrative remedies, a dismissal of the present action will not be granted. Rather, a stay of proceedings will be granted pending a determination of plaintiff's petition before the Director of the Office of Industrial Personnel Security Review.

III. Accordingly, an order providing for the denial of the instant motion to dismiss and for a stay of proceedings pending a determination of plaintiff's petition before the Director of the Office of Industrial Personnel Security Review will be entered.