David BESSEL, Appellant,

v.

C. J. CLYDE, George D. Simms and Thomas K. Dunstan, In Their Capacity as Panel Members of Eastern Industrial Personnel Security Board.

No. 12588.

United States Court of Appeals Third Circuit.

Argued Oct. 7, 1958.

Decided Oct. 24, 1958.

William J. Woolston, Philadelphia, Pa., for appellant.

Michael L. Temin, Philadelphia, Pa. (Harold K. Wood, U. S. Atty., Henry J. Morgan, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellees.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant, a New Jersey resident, has been and still is employed by Radio Corporation of America at its Camden, New Jersey plant. In October of 1956, his security clearance was suspended by the Screening Board of the Office of Industrial Personnel Security Review under Department of Defense Directive 5220.6

of February 2, 1955 (20 Fed.Reg. p. 1553, et seq., § 67.1–1, et seq.).[1] He applied for and was granted a hearing before a Hearing Board. The Board held one session of the hearing at Camden on December 20, 1956 and a second at Philadelphia on April 23, 1957. In July, 1957, the Board determined that on all available information the granting of clearance to appellant for access to classified defense information was not clearly consistent with the interest of national security.[2] This suit followed.

The District Attorney for the Eastern District of Pennsylvania was served in the action by the Marshal of that district. Two of the three defendants, Messrs. Clyde and Simms, were handed copies of the summons and complaint by the Marshal of the Southern District of New York. The third defendant was not located by the Southern District Marshal and there is no claim of personal suit notice as to him.

Defendants Clyde and Simms moved to dismiss the complaint on several grounds including the only one passed on by the district court that it had not been served upon them in accordance with the requirements of Rule 4(f), Federal Rules of Civil Procedure, 28 U.S.C.A.,[3] namely, within the territorial limits of the State of Pennsylvania. The court upheld the contention and dismissed the complaint.

Appellant's attorney strongly argues that in traveling to the Eastern District of Pennsylvania and holding part of its hearing there, the Board waived any requirement that appellant be forced to go to New York for a review of that proceeding. He suggests that otherwise appellant would thus be placed in the very

1. The basic authority of the Industrial Personnel Security Program administered by the Department of Defense derives from the authority of the National Security Act of 1947 as amended, 50 U.S. C.A. § 401.

2. While the point is not before us or raised below it is well to note that the findings of the Board here are substantial and not a mere conclusory statement notifying the employee that he is a security risk.

Cf. Coleman v. Brucker, D.C.Cir.1958, 257 F.2d 661, 662.

3. Rule 4(f) provides:
"Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

position from which the government is relieved by 4(f), i. e. compelled to defend himself in a remote area with all the hardship necessarily involved. The decision in Cohen v. Leone, D.C.E.D.Pa. 1955, 18 F.R.D. 494 affords support for this theory. There the entire hearing was conducted in the Eastern District of Pennsylvania. The court held that this subjected the Board members to that jurisdiction even though process had not been served upon them in the Eastern District.

As Rule 4(d) (5) and 4(f) presently stand there is no reasonable basis for the Cohen v. Leone view.[4] Under 4(d) (5) service of a summons and complaint "Upon an officer or agency of the United States, [is made] by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency."

The territorial limits of effective service of a summons and complaint are governed by 4(f) which states that "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state." As is seen, in this particular kind of a case the only allowed extension of service of a summons and complaint beyond the state wherein the district court is held is when a federal statute so provides. In this instance admittedly there is no such statute. The reported cases uphold the clear mandate of the rule. Howard v. United States ex rel. Alexander, 10 Cir., 1942, 126 F.2d 667, certiorari denied 1942, 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768, rehearing denied 1942, 317 U.S. 705, 63 S.Ct. 25, 87 L.Ed. 563, was a suit in the United States District Court, District of Kansas, against the members of the Railroad Adjustment Board. There had been service of the summons and complaint upon the United States District Attorney for the District of Kansas but no personal service of the Board member defendants. The Court of Appeals for the Tenth Circuit in affirming dismissal of the action for lack of proper service said in 126 F.2d at page 668:

"* * * Congress has undoubted power to authorize a suit under federal law to be brought in any United States district court, and to provide that process may run into any part of the United States; but it has not done so by general law. * * * Neither has it so ordained by special statute relating to an action of this kind."

In Hancock v. Mitchell, 3 Cir., 1956, 231 F.2d 652, 653, we sustained the dismissal of the complaint, among other reasons, because "* * * the district court was without jurisdiction of the persons of the defendants for they were not served in the district of New Jersey." See also Hagan v. Central Avenue Dairy, Inc., 9 Cir., 1950, 180 F.2d 502; Oster v. Dominion of Canada, D.C.1956, 144 F.Supp. 746, affirmed Clay v. Dominion of Canada, 2 Cir., 1956, 238 F.2d 400.

Nor is there any doubt but that 4(d) (5) calls for personal service of the summons and complaint upon the named Board member defendants within the district where the complaint has been filed. Henry L. Crowley Co. v. Reconstruction Finance Corp., D.C.D.N.J.1953, 14 F.R.D. 460; Eng Kam v. McGrath, D.C.W.D.Wash.1950, 10 F.R.D. 135; Federal Landlords Committee v. Woods, D.C.S.D.N.Y.1949, 9 F.R.D. 622; 2 Moore Fed.Practice 2nd ed. § 4.29.

Appellant's thought that the members of the Board by conducting a phase of the hearing within the Eastern District of Pennsylvania, subjected themselves to that vicinage, plus the fact that in this instance at least there would be no problem facing the Board of the review of their action being heard a long distance

---

4. McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 deals with jurisdiction of a foreign corporation under a state statute. It has no application to the present issue.

from their New York headquarters, of course, warrants consideration. And it is true that where the necessity does arise of a plaintiff in this sort of litigation going to some far off place in order to obtain service of process on the desired defendants, serious practical questions of expense, unavailability of witnesses and others may very well confront him. However, relief, if it be indicated, is not to be had through misinterpretation by the courts of the plain language of the rule but rather through a change in the rule itself.

The order of the district court will be affirmed.