**HEISER READY MIX CO., a Wisconsin Corporation, Plaintiff-Appellee,**

v.

**Jerome D. FENTON; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local No. 446; Wausau Building and Construction Trades Council; Charles Debenack; Walter Baumann; and Julius Petty, Defendants-Appellants.**

No. 12393.

United States Court of Appeals
Seventh Circuit.

April 1, 1959.

278

Hugh Hafer, Milwaukee, Wis., Duane Beeson, Alexandria, Va., Thomas J. Mc-

Dermott, Associate Gen. Counsel, Jerome D. Fenton, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Norton J. Come, Deputy Asst. Gen. Counsel, Melvin Pollack, Attys., National Labor Relations Board, Washington, D. C., for appellant.

David Previant, Milwaukee, Wis., for defendants, I. B. of T. C. W. & H., Local No. 446, Wausau Building & Const. Trades Council; Charles Debenack; Walter Baumann; and Julius Petty.

Richard P. Tinkham, Wausau, Wis., R. E. Puchner of Smith, Okoneski, Puchner & Tinkham, Wausau, Wis., for plaintiff-appellee.

Before SCHNACKENBERG, PARKINSON and KNOCH, Circuit Judges.

PARKINSON, Circuit Judge.

Plaintiff-appellee filed complaint in the United States District Court for the Western District of Wisconsin against defendants-appellants Jerome D. Fenton, as General Counsel of the National Labor Relations Board, hereinafter referred to as General Counsel, and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local No. 446, Wausau Building and Construction Trades Council, Charles Debenack, Walter Baumann and Julius Petty to compel the General Counsel to process an unfair labor practice charge filed by the plaintiff against the defendant unions and their agents; to enjoin the latter from engaging in the charged unfair labor practices; and for damages.

The suit was filed by plaintiff after the Regional Director of the National Labor Relations Board had refused to make an investigation and process plaintiff's charge for the reason that the plaintiff's operations did not meet the minimum interstate commerce requirements as fixed by the Board for purposes of asserting jurisdiction.

All the defendants, other than the General Counsel, were properly served with process and no question was raised as to lack of jurisdiction over their persons. However, in an attempt to secure service on the General Counsel pursuant to Rule

4(d) (5) of the Federal Rules of Civil Procedure, 28 U.S.C.A., United States Marshals served the United States Attorney for the Western District of Wisconsin and served the General Counsel outside the territorial limits of Wisconsin by handing to and leaving a true and correct copy of the summons and complaint "with Thomas J. McDermott, Assistant General Counsel, National Labor Relations Board, who is authorized to accept service in his [General Counsel] behalf, personally at 3rd & C Streets, S.W., Washington, D. C.", and by sending a copy of the summons and complaint by registered mail to the National Labor Relations Board, the General Counsel and the Attorney General of the United States all in Washington, D. C.

Rule 4(d) in relevant part provides as follows:

" \* \* \* Service shall be made as follows:

"(5) Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. \* \* \* "

The General Counsel filed a motion to dismiss grounded, *inter alia,* on lack of jurisdiction over his person. The District Court denied the motion and the General Counsel has properly raised the question here as to whether the District Court erred in so doing.

■■ Rule 4(f) of the Federal Rules of Civil Procedure provides as follows:

"All processes other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state."

The provisions of this Rule are clear and unambigous. They require that copies of the summons and complaint must be served within the territorial limits of the state in which the district court is held unless there is a federal statute authorizing service of process elsewhere. There is no such statute applicable here. The General Counsel was not served within Wisconsin. He was served in Washington, D. C. Such attempted service was wholly ineffective, Stewart v. United States, 5 Cir., 1957, 242 F.2d 49, 51, and the District Court was without jurisdiction of the person of the General Counsel. Hancock v. Mitchell, 3 Cir., 1956, 231 F.2d 652, 658.

Rule 4(d)(5) required personal service of the summons and complaint on the General Counsel within the territorial strictures of Rule 4(f) and service on him in the District of Columbia was a nullity. Bessel v. Clyde, 3 Cir., 1958, 260 F.2d 240, 242. The District Court was clearly in error when it denied the motion of the General Counsel to dismiss. See Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

Plaintiff cites and relies upon the case of Seven Oaks v. Federal Housing Administration, 4 Cir., 1948, 171 F.2d 947, wherein Judge Parker, speaking for the Court on page 949, says:

"It is necessary, as pointed out in that case, that the court in which suit is brought be able to acquire jurisdiction over the defendant by service of its process; but where the Housing Administration is doing business within a district and has present an agent in charge of its affairs, there is no reason why service of process cannot be made upon it and upon the United States, whose representative it is, in accordance with the provisions of Rule 4(d)(4) and (5), Federal Rules of Civil Procedure, 28 U.S.C.A."

However, here there was no attempt to serve any agent of the General Counsel in Wisconsin. The only service on the General Counsel was in Washington, D. C. This case, therefore, is of no aid to the plaintiff, and the other two district court cases cited by the plaintiff have no application here whatsoever.

■ However, the plaintiff contends that the General Counsel, after his motion to dismiss was denied, waived any claim as to jurisdiction by reason of his stipulation of facts, his subsequent voluntary compliance with the judgment of the District Court; his filing a § 10(*l*), 29 U.S.C.A. § 160(*l*), proceeding in the District Court for the Western District of Wisconsin wherein the defendant unions consented to an injunction pending the processing of plaintiff's unfair labor practice charge by the National Labor Relations Board. Plaintiff cites four cases upon which it relies. None is analogous.

In Petrowski v. Hawkeye-Security Co., 1956, 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639, the parties voluntarily submitted to the jurisdiction of the court without service of process. Here the General Counsel never submitted to the jurisdiction of the District Court, voluntarily or otherwise. In fact he objected and filed a motion to dismiss on the ground that the District Court had no jurisdiction over his person. When the District Court denied his motion to dismiss, the question was preserved and he never stipulated to any facts thereafter which could in any manner constitute a waiver of jurisdiction over his person.

In Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, the sole question there was whether the venue requirements of § 51 of the judicial code (now 28 U.S. C.A. § 1391(a)) were satisfied by reason of Bethlehem, a Delaware corporation, having designated an agent in New York upon whom summons could be served when it was sued in the United States District Court for the Southern District of New York. The Supreme Court held that it had consented to be sued in New York by such designation. This case is clearly inapposite.

In Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, the Supreme Court held that the defendant, a non-resident motorist, by going into Kentucky could be subjected to suit in the appropriate Kentucky state court under the non-resident motorist statute of Kentucky but did not thereby waive his federal venue rights. This case fails to support plaintiff's contention.

In Blank v. Bitker, 7 Cir., 1943, 135 F. 2d 962, this Court held that Bitker, a resident of Milwaukee, Wisconsin and there served with process, could not be sued in the District Court for the Northern District of Illinois and by taking depositions in the case did not waive his objection to venue. This case is against the position of the plaintiff and we are unable to understand why it cited any of these four cases.

We hold that the General Counsel has done nothing subsequent to the erroneous ruling of the District Court denying his motion to dismiss for lack of jurisdiction over him which would even remotely approach a waiver.

We agree with the Third Circuit in Bessel v. Clyde, 3 Cir., 1958, 260 F.2d 240, 243, that some hardships might attend the plaintiff here under Rule 4(f) and (d)(5) as to venue and serving of process, however, "relief, if it be indicated, is not to be had through misinterpretation by the courts of the plain language of the rule but rather through a change in the rule itself."

■ As the injunction was ancillary to the order compelling the General Counsel to investigate and process plaintiff's unfair labor practice charge before the National Labor Relations Board and entirely contingent thereupon, and as the District Court was without jurisdiction over the General Counsel and erred in denying his motion to dismiss, the order and injunction of the District Court is reversed and cause remanded with instructions to grant the motion of the General Counsel to dismiss.