**Ernest JONES, Plaintiff,**

v.

**MIDDLESEX COUNTY BOARD OF ELECTIONS, Harold Augustine, City Clerk of the City of Perth Amboy, Herman Hillman, Director, United States Public Housing Administration and Perth Amboy Housing Authority, Defendants.**

**Civ. A. No. 366–66.**

United States District Court
D. New Jersey.

Sept. 2, 1966.

Alvin B. Lebar, Perth Amboy, N. J., for plaintiff.

Seaman & Clark, by Francis M. Seaman, Perth Amboy, N. J., for City of Perth Amboy.

John V. Burns, Perth Amboy, N. J., for Housing Authority of City of Perth Amboy.

Herman B. Hoffman, Highland Park, N. J., for Middlesex County Bd. of Elections.

## OPINION

WORTENDYKE, District Judge.

This case is before me on cross-motions for summary judgment. One is brought by the plaintiff, and the other by the defendant Perth Amboy Housing Authority. The verified complaint was filed with the Clerk of this Court on April 11, 1966, seeking a judgment "enjoining and restraining the defendants from the use of William Dunlap Homes, low renting housing project, as an official polling place during the election scheduled for May 10, 1966 and subsequent general elections and restraining such use for any other federally sponsored housing project in the City of Perth Amboy." Upon the filing of the complaint and plaintiff's ex parte application, an Order to Show Cause was made by this Court directing the defendants to show cause why the plaintiff should not have preliminary injunctive relief in the direction prayed for in the complaint. During the argument upon the return of the Order to Show Cause, the action was dismissed as to the defendant Middlesex County Board of Elections and Harold Augustine, City Clerk of the City of Perth Amboy. By its order of May 4, 1966, the Order to Show Cause for preliminary injunction was dismissed.

It is alleged in the complaint that the plaintiff, a resident citizen of the City of Perth Amboy in this District, is a candidate for election to the office of Commissioner of the Board of Commissioners of that City at an election to be held on May 10, 1966. The complaint further alleges that in compliance with the provisions of the laws of the State of New Jersey, the Middlesex County Board of Elections and the City Clerk of said City selected and duly designated, as an official polling place for elections in District 13, Ward 6 of said City, a community room forming a part of a low rent housing facility, constructed in said City pursuant to 42 U.S.C. § 1401 et seq. under the auspices and with the financing of the United States Public Housing Administration, of which Herman Hill-

man is director. Because the plaintiff fails to find in 42 U.S.C. §§ 1401–1436 authority for use of the community room in said housing facility for the polling purposes stated, and because of the presence, on previous occasions during such elections at said polling place, of the Executive Director-Secretary of the Perth Amboy Housing Authority, plaintiff charges that the designations of that place for polling purposes is in violation of the spirit and intent of the Hatch Act, 5 U.S.C. § 118i and § 118k. The complaint also alleges that the plaintiff occupies the status of municipal chairman of the Republican Municipal Committee of the City of Perth Amboy. Nowhere in the complaint is there an allegation complying with F.R.Civ.P. 8(a)(1) stating " * * * the grounds upon which the court's jurisdiction depends * * * ". In what is captioned an amendment of the complaint, which was filed May 2, 1966, the plaintiff cites the following claimed bases for his contention that the Court has subject-matter jurisdiction, viz.: 42 U.S.C. §§ 1401, 1404(a), 1405(b) and 1408; 28 U.S.C. §§ 1331, 1332, 1343; 5 U.S.C. §§ 1009, 118i and 118k; Article 1, Section 1 of the United States Constitution, and the 14th Amendment thereto.

In its answer, filed May 13, 1966, Perth Amboy Housing Authority affirmatively pleads that the Court is without jurisdiction, that the complaint fails to allege a cause of action upon which relief can be granted, and improper venue.

The respective motions for summary judgment duly noticed by the plaintiff and by the defendant Perth Amboy Housing Authority have been submitted to the Court for decision upon the respective briefs of those parties and the affidavits which have been filed in the cause. 28 U.S.C. § 1343(3) and (4) do not confer jurisdiction upon the Court of the cause of action alleged in the complaint as amended. The cited subdivisions of § 1343 relied upon by the plaintiff provide as follows:

"The district courts shall have original jurisdiction of any civil action au-

thorized by law to be commenced by any person; * * *.

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

The plaintiff would incorporate by reference in the phrase "civil action authorized by law" in the foregoing § 1343 the provisions of 42 U.S.C. § 1983 reading as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

At the threshold it is obvious that, since the Board and Clerk who caused the community room of the housing project to be designated and used as a polling place are no longer parties defendant in the action, no relief as provided in § 1983 can be afforded to the plaintiff against them. Plaintiff concedes that the County Board of Elections and the City Clerk, by selecting and officially designating the premises as a polling place, acted in compliance with N.J.S.A. 19:8–1 and 19:8–4, thus acted under the color of the New Jersey statute cited.

The face of the complaint discloses the absence of the two elements requisite for recovery under 42 U.S.C. § 1983, viz.:

"(1) The conduct complained of must have been done by some person acting under color of law; and (2) such con-

duct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States." Basista v. Weir, 340 F.2d 74, 79 (3rd Cir. 1965) citing Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962).

Despite its amendment, the complaint still fails to comply with F.R.Civ.P. 8(a) because it does not contain the required short and plain statement of the grounds upon which the Court's jurisdiction depends, coupled with a short and plain statement of the claim showing that the pleader is entitled to relief. Construing the pleadings most liberally in favor of the plaintiff, they allege in sum merely that he was a candidate at a municipal election to be held at a polling place in a public housing project duly designated to be used for that purpose by the appropriate State authorities pursuant to the provisions of State law. The allegation, that in past elections the director of the municipal housing authority has been present during the course of elections within the designated polling place, and employees and staff of the Authority maintain and supervise the housing project including the building housing the polling place, does not amount to the statement of a claim showing that the plaintiff is entitled to relief.

Plaintiff, however, alleges that the designated polling place requires the use of a federally sponsored project, and that the activities of Government-paid employees are in violation of the spirit and intent of the Hatch Act, 5 U.S.C. §§ 118i and 118k, because they constitute political activities thereon. The affidavits, submitted upon the motions for summary judgment, conclusively disclose that none of the employees whose activities relate to the maintenance or operation of the housing project, or of the community room designated as a polling place therein, are paid by or receive any monetary compensation from the Federal Government. On the contrary, the affidavits are uncontradicted that such personnel receive their compensation from the municipal housing authority. 5 U.S.C. §

118i forbids any person employed in the Executive branch of the Federal Government, or any agency or department thereof, from using his official authority or influence to interfere with or affect the result of an election, or take any part in political management or in political campaigns. The same section proscribes penalties for anyone violating its prohibitions. Section 118k of the same Title forbids an officer or employee of a State or local agency whose principal employment is in connection with any activity which is financed in whole or in part by loans or grants made by the United States, or by any federal agency, from using his official authority or influence for the purpose of interfering with an election or nomination for office, affecting the result thereof, or directly or indirectly coercing, attempting to coerce, commanding or advising any other such officer or employee to pay, lend, or contribute any part of his salary or compensation or anything else of value to any party, committee, organization, agency, or person for political purposes. Paragraph 6 of the present complaint states a conclusion but not a fact. It alleges that the designation of the community room as a polling place results in rendering the activities of Government-paid employees violative of the cited sections of the Hatch Act. The absence of any facts to support such a conclusion is uncontradictedly disclosed by the affidavits submitted on the motions.

The plaintiff would attempt to bolster his assertion of subject-matter jurisdiction in this Court by invoking the provisions of 5 U.S.C. § 1009, affording judicial review of the action of a Federal governmental agency resulting in legal wrong to the person. No such agency action, nor the infliction of any legal wrong therefrom upon the plaintiff, appears from the allegations of the complaint.

The sections of the Low Rent Housing Act upon which the plaintiff relies to confer jurisdiction upon this Court are insufficient to achieve that result. Those sections relate to the policy, duties, authority and regulatory power of the United States Public Housing Administra-

tion, which is not concerned with nor involved in the pending motions.

There is no jurisdiction afforded under 28 U.S.C. § 1331 in this case because it has not been pleaded that the matter in controversy exceeds the sum of $10,000 and it appears conclusively that it does not arise under the Constitution or laws of the United States. Section 1332 of the same Title also fails to afford jurisdiction because the absence of diversity of citizenship required by that section is apparent from the complaint. The inadequacy of 28 U.S.C. § 1343 to confer jurisdiction has already been pointed out.

I find in this case that the pleadings and affidavits, submitted and considered upon the pending motions, show that there is no genuine issue as to any material fact and that the defendant Perth Amboy Housing Authority is entitled to a judgment dismissing the complaint as a matter of law. Upon the same bases, I conclude that the plaintiff's motion for summary judgment must be denied.

Let an order in conformity with the foregoing opinion be presented.