**Ernest JONES, Plaintiff,**

v.

**MIDDLESEX COUNTY BOARD OF ELECTIONS, Harold Augustine, City Clerk of the City of Perth Amboy, Herman Hillman, Director, United States Public Housing Administration and Perth Amboy Housing Authority, Defendants.**

**Civ. A. No. 366–66.**

United States District Court
D. New Jersey.

Oct. 13, 1966.

Alvin B. Lebar, Perth Amboy, N. J., for plaintiff.

Wilentz, Goldman & Spitzer, by Warren W. Wilentz, Perth Amboy, N. J., for Middlesex County Board of Elections.

Seaman & Clark, by Francis M. Seaman, Perth Amboy, N. J., for City of Perth Amboy.

David M. Satz, Jr., U. S. Atty., by Matthew J. Scola, Asst. United States Atty., for Herman Hillman, Director, United States Public Housing Administration.

John V. Burns, Perth Amboy, N. J., for defendant Housing Authority of City of Perth Amboy.

## OPINION

WORTENDYKE, District Judge:

The defendant, Herman Hillman, Director, United States Public Housing Administration, has moved this Court for an order, pursuant to Rule 56, F.R. Civ.P., for a summary judgment in favor of the said defendant or, in the alternative, for a dismissal of the complaint for lack of jurisdiction over the person of said defendant and improper venue, pursuant to Rule 12(b) (2) and (3), F.R. Civ.P.

The nature of this action has been disclosed in this Court's Opinion, filed September 2, 1966, 258 F.Supp. 469 wherein judgments were rendered, as a matter of law, dismissing the complaint as to defendants Middlesex County Board of Elections, Harold Augustine, and the Perth Amboy Housing Authority.

Summons in this action was served upon the defendant Hillman in the State of New York and not in the District of New Jersey. Said defendant was, at all times herein relevant, an officer of the United States of America. Rule 4(d) (5), F.R.Civ.P., requires that personal service upon an officer or agency of the United States shall be made by serving the United States and by delivering a copy of the summons and complaint to such officer or agency. Personal service requires that a copy of the summons and complaint must be delivered to the defendant officer personally within the State in which the District Court is held, unless otherwise authorized by a Federal statute. Bessel v. Clyde, 260 F.2d 240, 242 (3rd Cir. 1958).

The Public Housing Administration does not have an office in New Jersey, and there has been no service on its Director within this District. A public officer's official residence is in the judicial District within which he performs his official duties. Director Hillman's official residence is in New York; therefore, venue is not appropriately laid in the District of New Jersey. Hancock v. Mitchell, 231 F.2d 652, 653 (3rd Cir. 1956).

The Public Housing Administration (P.H.A.) is an administrative Federal governmental agency without any identity separate and apart from the United States Government. The P.H.A. is a unit of the Federal Department of Housing and Urban Development, charged with the duty of implementing the low-rent housing program established by the United States Housing Act of 1937, 42 U.S.C. § 1401 et seq. This agency is authorized to provide financial assistance to local housing authorities by committing Federal monies on an annual basis to pay the principal and interest on bonds issued by a local housing authority and sold on the market to private investors for the purpose of obtaining funds to pay the capital costs of a particular low-rent housing project. The terms and conditions under which such Federal financial assistance is rendered are embodied in a contract between the local housing authority (Housing Authority of Perth Amboy) and the P.H.A. This contract is called an Annual Contributions Contract. The local housing projects are owned, operated and maintained by the local housing authorities, and not by the P.H.A. The board or body which governs the local housing project is composed of citizens of the municipality appointed by the presiding officer of the municipal governing body. All persons employed in the operation and management of a local housing project are employees of the *local housing authority—not employees of the P.H.A.* See 42 U.S.C. §§ 1401, 1402(11).

■■ The Housing Authority of the City of Perth Amboy is a body corporate and politic, and an agency of the city. It is created by the municipality pursuant to the New Jersey Local Housing Authorities Law (N.J.S.A. 55:14A-4). The Housing Authority of the City of Perth Amboy is authorized by the New Jersey statute to prepare, carry out, acquire, lease and operate housing projects and to provide for their construction, reconstruction, improvement, alteration or repair. To this end, the

municipal authority is empowered by N.J.S.A. 55:14A-19 to borrow money or accept contributions from the Federal Government and to enter into an agreement (the Annual Contributions Contract) for such assistance. The defendant Hillman, as Director of the P.H.A., had no authority to prohibit the use of a portion of the William Dunlap Housing Project as a polling place. Section 203(a), Part Two, of the Annual Contributions Contract authorizes the local authority to "* * * lease at fair rental value any non-dwelling space or facilities in the Projects" and the local authority may not, without the approval of the P.H.A., "* * * grant any concessions, licenses, or permits to use any non-dwelling space or facility in any Project * * * except for programs conducted by or primarily for the occupants of the Project or for temporary public, charitable, or similar use." The "Community Room" in the Dunlap Homes Project is used for social, recreational and organizational activities. The use of this "Community Room" by the local authority as a polling place does not violate the terms and conditions of the Annual Contributions Contract; nor is such use subject to P.H.A. approval. The use is public, temporary, and beneficial to the residents of the housing project.

The use of the "Community Room" in the Perth Amboy Housing Project as a polling place does not violate 5 U.S.A. § 118i(a) and 118k(a) popularly known as the Hatch Act; neither was the selection of the "Community Room" for a polling place, by the appropriate county and municipal authorities, an abuse of the discretion conferred upon them by N.J.S.A. 19:8-2, 3 & 4. The affidavits submitted on behalf of Perth Amboy Housing Authority disclosed without contradiction that the "Community Room" of the housing project in question is the most convenient and desirable polling place for the voters of the 6th Ward, 13th District and its use in no way interferes with the operation of the housing project. Moreover, other

public sites which could effectively serve as a polling place for that District are unavailable.

The motion of the defendant, Herman Hillman, Director, United States Public Housing Administration, for summary judgment dismissing the complaint, will be granted. Present order.