**Arvie PARKS, Appellant,**

v.

**Carl Leon JACOBS, Appellee.**

**No. 4745.**

District of Columbia Court of Appeals.

Argued Sept. 23, 1969.

Decided Nov. 7, 1969.

Dorsey Evans, Washington, D. C., for appellant.

Thomas J. Scanlon, Washington, D. C., with whom Howard J. McGrath, Washington, D. C., was on the brief, for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

This is an appeal from an order dismissing a complaint in a personal injury action for failure to diligently prosecute by obtaining timely service of process.[1] We affirm the dismissal as a reasonable exercise of discretion since appellant was in possession of information sufficient to locate appellee at the time he filed the complaint but supplied an improper address, and because he waited almost three (3) years thereafter before again attempting to obtain service.

The cause of action arose out of an accident which occurred on December 21, 1962. The complaint was filed almost two (2) years later on November 19, 1964. The return of the United States Marshal, dated November 24, 1964, reflects that service was not made because the address given for appellee, 2316—19th Street, N. W., Washington, D. C., was nonexistent. This was the address appellee gave on the Traffic Accident Report filed with the Metropolitan Police Department. According to the appellee's affidavit filed in support of his motion to dismiss, he moved to 1321 Euclid Street, N.W., in July, 1963, which was six (6) months after the accident. According to an office memorandum by appellant's attorney, attached to his opposition to the motion to dismiss, he had notice of the Euclid Street address almost one (1) year before filing suit. This information had been obtained through an inquiry of the Department of Motor Vehicles. We do not think it significant that the inquiry revealed a "Carl Jacobs" at

1. GS Civil Rule 41(b) provides in pertinent part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *

the Euclid Street address and no listing for a "Carl Leon Jacobs."

The record on appeal reveals that no further effort to obtain service was made until December 15, 1967, when an alias summons was issued. That summons listed the Euclid Street address as the residence, and the name and address of the appellee's place of employment.[2] It also contained an instruction to make service "at place of residence." That summons was not served within the 20-day limit[3] because, according to appellant's counsel, the workload in the Marshal's Office made service impossible. However, the Marshal advised that the summons could be reissued without payment of another Marshal's fee. On January 22, 1968, appellant obtained the appointment of a special process server. Service was ulti-

mately obtained on February 2, 1968, at the Euclid Street address.

It is thus apparent that—

(1) appellant had the current address of appellee for almost a year before filing the complaint and was on notice that the two-year old address stated in the complaint and summons was incorrect, and

(2) appellant waited an additional three (3) years before reissuing the summons directed to that address.

To order dismissal under these circumstances can hardly be termed an abuse of discretion. See Rouse v. National Seating Co., Inc., D.C.App., 244 A.2d 491 (1968), and cases cited therein. Accordingly, that order of dismissal is

Affirmed.

2. Appellant seeks to justify his earlier failure to attempt service at appellee's place of employment on the basis that the accident report did not list the employer's address. Absent a showing in the record that appellant earlier attempted unsuccessfully to find that address, we assume that it could have been determined as easily when the complaint was filed as in December, 1967. We note appellee's affidavit states he had worked for that employer from 1960 to May, 1968.

3. See GS Civil Rule 4(e).