**Semeion B. PYLES, Jr., Appellant,**

v.

**Earline KNIGHT, Appellee.**

**No. 5437.**

District of Columbia Court of Appeals.

Argued Sept. 15, 1971.

Decided Oct. 20, 1971.

George H. Windsor, Washington, D. C., for appellant.

Albert M. White, Washington, D. C., for appellee.

1. GS Dom.Rel. Rule 1—Scope and Definition.
Insofar as applicable, the Federal Rules of Civil Procedure and the Rules for Class "GS" actions in the Civil Division of the Court of General Sessions shall govern in this Branch.
We note that Rule 4(f) of the Family Division of the Superior Court is virtually identical with Fed.R.Civ.P. 4(f).

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

This case involves a question of the trial court's jurisdiction to determine the custody of a minor child. Appellee (the mother), residing in the District of Columbia, requested the Domestic Relations Branch of the trial court to issue a writ of habeas corpus *ad subjiciendum* commanding appellant (the father), who resides in Maryland, to produce Theresa Knight, their three-year-old child, before a judge of the court. The father and mother are unmarried and the child lives in Connecticut with her paternal grandmother. The writ was served upon the father at his place of employment in Virginia. He appeared and moved to dismiss the proceedings for lack of jurisdiction because service was made upon him outside the District of Columbia. Because the father appeared, the motion was denied and he was directed to proceed as if the matter were a custody action. We hold it was error not to grant the motion.

The Domestic Relations Branch of the trial court had the power to issue writs of habeas corpus under D.C.Code 1967, § 11–1161. However, it is generally recognized that process may not be served beyond the territorial limits of the court unless authorized by statute. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927); Annot., 42 Am.Jur., Process, § 52. In fact, by rule, the Domestic Relations Branch adopted by reference all applicable Federal Rules of Civil Procedure,[1] which included Rule 4(f)[2] which limits

2. Fed.R.Civ.P. 4(f) provides in relevant part:
(f) Territorial Limits of Effective Service.
All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. * * *

service of process to the territorial limit of the court. Since there is no statute or rule to the contrary pertaining to service of a writ of habeas corpus, we hold that service upon the father in Virginia was invalid. *Cf.* Smith v. Ellington, 384 F.2d 1021 (6th Cir. 1965), cert. denied, 382 U.S. 998, 86 S.Ct. 589, 15 L.Ed.2d 486 (1966); Heiser Ready Mix Co. v. Fenton, 265 F.2d 277 (7th Cir. 1959).

■ It is well established that under the Federal Rules a person may appear before the court without waiving his objections to jurisdiction and process. Davenport v. Ralph N. Peters & Co., 386 F.2d 199 (4th Cir. 1967); 5 C. Wright and A. Miller, Federal Practice and Procedure § 1344 (1970). On this record the father never waived his objection to the court's jurisdiction.

In view of our holding, we need not reach the other issues raised by appellant.

Reversed with instructions to dismiss the writ.