Eileen SNYDER, Appellant,

v.

William D. LABOY, Appellee.

No. 6101.

District of Columbia Court of Appeals.

Argued Feb. 8, 1972.

Decided May 26, 1972.

Dolores Murray, Washington, D. C., for appellant.

Max M. Goldberg, Washington, D. C., for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

The question raised on this appeal is whether the Court of General Sessions (now the Superior Court) had jurisdiction over the appellant when it entered judgment awarding custody of the minor child of the parties to appellee. The judgment was entered December 21, 1970, and was based upon a hearing held on December 1 in the absence of the appellant. Court-appointed counsel was present, and made no objection to the proceedings, however, it does not appear from the record that counsel ever had any contact with the appellant or that he acted on her authority.

On May 21, 1971, a notice and affidavit for contempt was filed and on June 14, 1971, appellant filed a motion to quash return of service and to vacate the judgment.

The latter motion was denied on August 10, 1971, and this appeal followed.

It is appellant's contention that the court had not obtained jurisdiction over her inasmuch as Rule 4(e) of the Court of General Sessions provided: "If a summons be not served it shall be returned to the clerk's office on the twentieth day after issuance thereof. . . ."[1] The summons issued on March 28, 1967, but the return reflects that the appellant was not served until April 20, three days after the return date. The appellant failed to respond to the service of process and thereupon moved into the State of Maryland with the child.

Appellant contends that she was not served with a valid process and since she did not participate as a party in the proceedings[2] the court was without jurisdiction to enter a judgment against her.

Although service of process will not be set aside lightly, and this is particularly true where the defendant had actual notice of the pendency of the action, we think that under the circumstances of this case appellant's point as to the invalidity of the process cannot be ignored.

It has been held that when a rule of court or the law provides that a summons be returned to the clerk in the event of failure of service within the time prescribed, the original summons thereafter loses its vitality. It becomes *functus officio*, that is, it has no validity and, of course, the service of a void document is a nullity. Green v. Chrismon, 223 N.C. 724, 28 S.E.2d 215 (1943); *to the same effect see also* Daley v. Board of Police Com'rs of East Hartford, 133 Conn. 716, 54 A.2d 501 (1947); Hamlen & Son v. Allen, 186 Ark. 1104, 57 S.W.2d 1046 (1933).

---

1. The federal rule does not have the same 20-day limitation but provides in Rule 4 (g) that proof of service must be made "within the time during which the party so served must respond to the process", which, according to Rule 12(a), is twenty days after service.

2. Appellant's only participation occurred when on July 23, 1969, she was served with a subpoena to take her deposition. A praecipe filed by the appellant's counsel on August 27, 1969, stated: " . . . [P]lease enter that undersigned appeared specially for deposition of defendant at plaintiff's attorney's office . . . ."

In a case in the Southern District of New York where the process was served 48 days after issuance, the court held:

> The result is that under the rules which have a statutory sanction the writ of subpoena in this case had lost its potency and was null and void when it was served. Consequently it had no effect as a process to bring the defendants into court. [United States v. De Rasimo, 46 F.2d 362 (S.D.N.Y.1931).]

■■ Defendant must be served with a valid process or the court will be without jurisdiction and lack of service cannot be waived by nonappearance.[3] It has been held that even actual knowledge obtained from service of a notice to appear at a hearing on a motion for a preliminary injunction will not suffice to confer jurisdiction over an unserved defendant. Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., 240 F.2d 814, 816 (5th Cir. 1957). This is not unlike the situation here where the defendant was only served with a subpoena to take her deposition.

Appellee has cited a number of cases where the courts upheld the legality of various instances of irregular service of process noting that the defendant, as here, had received actual notice. Such authorities are inapposite to the problem we have for resolution. The factual situation here is not a matter of an irregular substituted service of a valid process, but rather one of actual personal service of a void summons.

■ Although it has not been decided in this jurisdiction, it has been clearly indicated that if a summons is not served before the return date a new summons should be obtained. Parks v. Jacobs, D.C.

App., 258 A.2d 264 (1969). We have no doubt that this should be the rule.

■ The question of whether or not appellant may have waived the lack of personal service of summons is raised since she responded to the service of a subpoena to take her deposition.[4] At the taking of the deposition, appellant's counsel stated: "I am entering my appearance to object to the jurisdiction of the court and to be here with her at this hearing."

Following the taking of the deposition, appellant's counsel filed a praecipe with the clerk which read as follows:

> The Clerk of said Court will please enter that undersigned appeared specially at plaintiff's attorney's office . . .

The federal rules do not mention a special appearance, nor do they in terms abolish its use. Rather, Rule 12[5] eliminates the need of entering a special appearance and permits one who has appeared generally to question the court's jurisdiction over the subject matter or the person if done timely. While a special appearance is no longer necessary in order to attack jurisdiction according to the federal rules, Professor Edmunds observed that:

> . . . . Under the former practice, in raising these jurisdictional defenses by motion you had to be very careful to make a special appearance, and making a defense to the merits at the same time would waive these. Now we can no longer see that a special appearance is necessary. When the rule itself says that you can make all your defenses in one pleading, that contemplates that there is no special appearance at all. However, there is nothing that says you cannot go in on a special appearance if you want to follow the old practice.[6]

---

3. Seman v. Pittsburgh Brewing Co., 25 F.R.D. 209 (N.D.Ohio 1960); Berlanti Construction Co. v. Republic of Cuba, 190 F.Supp. 126 (S.D.N.Y.1960).

4. *See* note 2, *supra*.

5. Super.Ct.Civ.R. 12 is identical to Fed.R. Civ.P. 12 except for a slight rewording

of the first sentence to bring it into conformity with Rule 4(e) of the Superior Court and except for deletions of venue references in sections (b) and (h).

6. Edmunds, The New Federal Rules of Civil Procedure, 4 John Marshall L.Q. 291, 304 (1938).

■ Jurisdiction over the person of the defendant must be proved affirmatively [7] but there is nothing on this record establishing that such jurisdiction was ever obtained. Appellant's appearance as a witness for the deposition in response to the subpoena did not constitute the sort of voluntary appearance as might be considered as a waiver conferring personal jurisdiction in lieu of adequate service of summons. Nor did the presence of her counsel on that occasion change or add anything to the nature of her appearance since counsel voiced her objection to the court's jurisdiction prior to the taking of the deposition. *See* Preferred Risk Mut. Ins. Co. v. House, 14 F.R.D. 39, 41 (W.D.Mo.1953).

■ A hearing was held by the trial court on December 1, 1970, at which court-appointed counsel for appellant attended. The court made findings on the issues and awarded custody of the minor child of the parties to the appellee. The trial court's Finding of Fact and Conclusions of Law recited "[t]he Court finds that the defendant has entered her appearance, is under the jurisdiction of the court, and that she has been represented by counsel . . . ."

However, there is nothing in this record to support those findings. Appellant was not served with a valid summons nor did she enter a *general appearance in these proceedings.* Certainly jurisdiction over a defendant, not otherwise obtained, cannot be acquired by the appearance without her consent of court-appointed counsel or by a special appearance of her own counsel at the taking of her deposition.

■ Of course, objections to defects in process or service ordinarily should be made as promptly as possible to avoid the possibility of the assertion of waiver, estoppel or laches. However, such contentions cannot be raised in the face of substantial defects that render the writ void in which event a question of the trial court's jurisdiction can be raised at any time even after judgment.[8]

In a case where defendants' motion attacking venue was not timely filed and therefore the question of venue could not be considered, the court noted that the motion revealed that defendants were served outside the district. The court held that it was bound to treat the motion as raising the defense of lack of jurisdiction over the persons of the defendants which issue may be considered at any time since the court would be without the power to adjudicate the controversy between the parties. The five judge panel said:

> The individual defendants were, therefore, entitled to ignore the whole proceeding and subsequently attack any default judgment which might result from it. [Citation omitted.] [Orange Theater Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 873 (3d Cir. 1944); cert. denied, Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944).

The process here having expired prior to the time it was served, became *functus officio.* Therefore, since the appellant never voluntarily submitted to the jurisdiction of the court, it was without jurisdiction to enter a judgment against her.[9] The motion of appellant to quash return of service and to vacate the judgment should have been granted and accordingly, the judgment is

Reversed.

---

7. Oswalt Industries, Inc. v. Gilmore, 297 F.Supp. 307 (D.C.Kan.1969); Thompson v. Ecological Science Corp., 295 F.Supp. 1307 (D.C.Ark.1969); Zazove v. Wilson, 334 Ill.App. 594, 80 N.E.2d 101 (1948).

8. Berlanti Construction Co. v. Republic of Cuba, *supra* note 3.

9. Pyles v. Knight, D.C.App., 282 A.2d 554 (1971).